■ Irwin Vosburgh, Respondent, v. McLean Trucking Company, Appellant.— Order modified by striking therefrom the provision thereof directing the examination of the former employee Robert Hanks (see *McGowan* v. *Eastman*, 271 N. Y. 195, 198; *Sundell Co.* v. *Pioneer Bldg.-Loan & Sav. Assn. of Troy*, 197 Misc. 580), without prejudice to an application, upon a showing of proper and sufficient grounds, for his examination as a witness; and, as so modified, affirmed, without costs. No opinion. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of Ruth Copeland, Respondent, v. Joseph Cucci Construction Co. et al., Appellants. Workmen's Compensation Board, Respondent.— The board found that an accident which occurred when decedent fell backward in a sitting position aggravated a pre-existing spondylo-listhesis with disc involvement, so as to require surgery, the complications of which necessitated a further operation and resulted in death. The accident was promptly reported by the physician whom decedent first consulted and by the orthopedic surgeon to whom he was at that time referred and, indeed, seems to have been conceded by the carrier in a notice dated 13 days after the accident. The physician first consulted said that decedent required surgery and that the accident was "a definite contributing factor". The consultant orthopedist, although giving less weight to the importance of the accident in "the overall picture of the disability", testified that there was "an undeniable aggravating episode as a result of the injury". The operating surgeon testified that "the accident caused the increase in symptoms and increase in pain and increase in disability that made the operation necessary, and the operation of spinal fusion resulted in a complication that eventually caused his death." Appellants attack the weight and, in some respects, the credibility of claimant's medical proof, but weight and credibility are for the board's evaluation and we cannot say that the evidence which it chose to accept was not substantial. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.