# Richmond

MARTHA D. DOWDY v. GIANT OF VIRGINIA, INCORPORATED, AND
THE TRAVELERS INSURANCE COMPANY.

December 1, 1969.

Record No. 7081.

Present, All the Justices.

*Lawrence J. Pascal* (*Ashcraft and Gerel* (D.C.), on brief), for appellant.

*J. Howe Brown* (*Boothe, Dudley, Koontz, Blankingship & Stump*, on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

This is an appeal from an award of the Industrial Commission denying compensation to the claimant, Martha D. Dowdy.

The claimant suffered a back injury as the result of an accident arising out of and in the course of her employment on April 14, 1967. At the time of the accident, she was employed as a meat wrapper by Giant of Virginia, Inc.

The claimant continued to perform her regular duties for the remainder of the day of the accident and on the following day, Saturday, April 15. On Sunday, April 16, the difficulty with her back became more acute so she contacted her physician, Dr. Gaughan, who advised her by telephone to stay off her feet and prescribed muscle relaxers. Following this conversation with Dr. Gaughan, she called

her foreman, Mr. Rohaley, at his home and advised him that under her physician's advice she would not be able to work on the following day, Monday, April 17.

Prior to the accidental injury on April 14, the claimant had had an episode of difficulty with her back in November, 1966. At that time she was hospitalized and placed in traction for a period of nine days by Dr. Gaughan.

It appears that the claimant did not advise Mr. Rohaley of her accident on April 14, which she considered trivial, but attributed her difficulty not to the accident but to a recurrence of the back trouble which she had experienced in November, 1966. It was only after the examination, diagnosis and surgery by Dr. R. J. Bortnick that it became known to the claimant that her condition was due to the accident.

Claimant continued under the care of Dr. Gaughan for approximately two weeks. When she did not respond to his treatment, she was referred by him to Dr. R. J. Bortnick, a neurosurgeon. Dr. Bortnick first saw the claimant on May 3, 1967, and arranged to have her admitted to a hospital on the following day, May 4. Dr. Bortnick later performed surgery on her after confirming that her difficulty was a herniated disc.

She remained in the hospital until May 16.

On May 10, 1967, Dr. Bortnick prepared and mailed to The Travelers Insurance Company an attending physician's report on forms provided by the Industrial Commission of Virginia, which was received by that company on May 11.

This report contained the following information:

"4. Date of *accident* 4/22/67"

"6. Give accurate description of nature and extent of injury and state your objective findings: Herniated disc, left L 4 - L 5"

"8. Is *accident* above referred to the only cause of patient's condition? Yes" (emphasis supplied)

The sole question involved upon appeal is whether or not the written notice required by § 65-82[1] of the Code of Virginia, 1950, as amended, was given by the employee or "his" representative within the thirty days after the accident provided by statute.

1. § 65-82. NOTICE OF ACCIDENT.—Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any

Under Virginia law, the definition of employer includes his insurance carrier, § 65-3,[2] Code of Virginia, 1950, as amended, so that notice to the insurance carrier in this instance would constitute notice to the employer.

It should be noted that under § 65-83[3] of the Code of Virginia, 1950, as amended, it is provided in connection with the written notice that:

"No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and then only to such extent as the prejudice."

We have repeatedly held that the Workmen's Compensation Act is highly remedial and should be liberally construed in favor of the workman. *Gobble* v. *Clinch Valley Lbr. Co.*, 141 Va. 303, 305, 127 S.E. 175, 176 (1925); *Fauver* v. *Bell*, 192 Va. 518, 522, 65 S.E. 2d 575, 577 (1951); *Barker* v. *Appalachian Power Co.*, 209 Va. 162, 166, 163 S.E. 2d 311, 314 (1968).

Here the employer, through its insurance carrier, contends that Dr. Bortnick was not the "representative" of the employee when he filed the written report received by the insurance carrier on May 11, within the thirty days required by statute.

To adopt this view would, in our opinion, defeat and frustrate the humane purposes of the act.

We therefore hold that the attending physician's report was filed by Dr. Bortnick as the representative of the employee and meets the requirements of written notice under the statute.

At the time of the hearing before the Industrial Commission, the disability of the claimant had not terminated.

Accordingly, we reverse the award of the Commission and remand the case with direction to enter an award to the claimant, Martha D. Dowdy, in accord with this opinion.

*Reversed and remanded.*

compensation which may have accrued under the terms of this Act prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." Recodified in 1968 as § 65.1-85.

2. Recodified in 1968 as § 65.1-3.
3. Recodified in 1968 as § 65.1-86.