■ In the Matter of the Claim of JAMES B. RICH, Appellant, v. VAIL BALLOU PRESS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal from a decision of the Workmen's Compensation Board, filed November 14, 1968, which modified a Referee's decision by eliminating the award for the period from August 12, 1967 to December 11, 1967. The board determined that claimant's disability during such period was due to a noncompensable injury and that said disability was not causally related to an accidental injury of May 12, 1962. It is claimant's contention that there is no substantial evidence to support the board's finding. Claimant suffered an injury to his lower back on May 12, 1962 which was concededly work-related. The last payment of compensation was awarded to him for a two and one half week period in March of 1965, and there being no further medical treatment, or lost time, the case was closed in May of 1966 without prejudice to his right to reopen. On August 12, 1967 claimant was cutting a piece of plywood with a small electric saw at his home when he experienced a sharp pain in his back. The case was reopened following this incident. Dr. Carpenter and Dr. Kane gave the only medical testimony. Dr. Carpenter, an orthopedic surgeon who had treated claimant, testified that part of claimant's current condition was due to the original accident of 1962 and part to the "triggering" incident of August 12, 1967; that the incident of August, 1967 was another one of a series of insignificant strains which claimant has suffered in the past five years since the injury of 1962; that had claimant's back been normal, no injury would have resulted from his activities on August 12, 1967. Dr. Kane, a neurosurgeon who treated claimant shortly after the episode in August of 1967, and also in May of 1962 and March of 1965, testified that the condition in which he found claimant after the August, 1967 incident was related to the prior condition; that the relatively minor incident of August, 1967 "was definitely a triggering factor or recurrence of the previous pathology", and that he agreed with Dr. Carpenter that had claimant's back been normal, the incident would not have brought on the condition. We conclude that the board's finding is not supported by substantial evidence. (See *Matter of Brown* v. *Interstate Motor Frgt. System,* 32 A D 2d 51.) Decision reversed, and matter remitted, with costs to appellant. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.