491 P.2d 855

**STATE COMPENSATION FUND, Insurer of Hooper Concrete Pipe Company (Now: Ameron Pipe Products Group), Petitioners,**

v.

**Halton L. HEDGES, Respondent Employee, The Industrial Commision of Arizona, Respondent.**

**No. 1 CA–IC 671.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 20, 1971.

Rehearing Denied Jan. 18, 1972.

Robert K. Park, Chief Counsel State Compensation Fund by Courtney L. Varner, Phoenix, for Petitioners.

Halton L. Hedges, in pro. per.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

DONOFRIO, Judge.

This case is before the court by writ of certiorari to review the lawfulness of a decision upon review by the Industrial commission of Arizona, affirming the decision upon hearing and findings and award for new, additional or previously undiscovered temporary disability issued by the hearing officer on May 6, 1971.

The petitioner suffered an industrial back injury on November 24, 1957. He was seen and treated by Dr. Hal Pittman until the case was closed with an unprotested temporary disability award issued May 20, 1958. Petitioner testified that he continued to have intermittent back pain, and was asked and answered as follows:

"Q. What happened in 1970 that caused you to file your Petition to Reopen?

"A. These back troubles have been getting closer together, you know, so I took a week off to see if I couldn't rest up and get my back in better shape. While I was on my vacation, I stepped across a little irrigation ditch, and I got a severe pain. The next day I had to go to the doctor it got hurting so bad, and he put me in the hospital and operated on me.

"Q. When did this happen?

"A. June 23rd. [1970]."

Petitioner was seen by Dr. Sidney L. Stovall following the June 23, 1970 incident. Dr. Stovall filed a report in support of the petitioner's motion to reopen his industrial claim, concluding as follows:

"Mr. Hedges has signs and symptoms of a herniated nucleus pulposus at L5–S1. He has been seen in consultation by Dr. John Green and he confirms this. So far the patient has not responded to conservative treatment and surgical intervention is probably going to be necessary.

"Mr. Hedges states that he has had continuation of symptoms since his 1957 injury and he feels that his present symptoms are as the result of that accident. In this event, his case should be reopened for appropriate treatment."

In conjunction with this report, Dr. John Green submitted a neurosurgical consultation report with respect to an examination of the petitioner on July 2, 1970. His conclusions confirm Dr. Stovall's diagnosis and include the following comment:

"This considered to be a problem which originated with an industrial accident, late in 1957, with remissions, but with some continuity and with recent accentuation since June 23, 1970."

The State Compensation Fund urges that the incident of June 23, 1970 was a new and intervening accident which was noncompensable.

The law is well settled in Arizona that the question of disability and its causal relationship to the industrial injury is essentially within the realm of medical knowledge. Fyffe v. Industrial Commission, 10 Ariz.App. 377, 459 P.2d 104 (1969). We have reviewed the record before the hearing officer and the Commission, and it is our opinion that the award is reasonably supported by the medical evidence in the record. Dr. Stovall and Dr. Green both gave oral testimony, enlarging upon and substantiating their opinions as contained in their reports, that the incident of 1970 was the result of, and related back to, the back injury of 1957. We will not burden this opinion with lengthy quotations from that transcript. It is the function of the Court of Appeals, on petition to review Industrial Commission awards, to determine whether the evidence before the Commission reasonably supported its decision, and not to try the case anew. Strong v. Industrial Commission, 11 Ariz.App. 499, 466 P.2d 50 (1970).

The award of the Commission is affirmed.

STEVENS, P. J. and CASE, J., concur.