561 P.2d 773

**Charles E. MILLER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Yuma Rock & Sand, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 1532.**

Court of Appeals of Arizona, Division 1, Department C.

March 8, 1977.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P. C. by Dennis P. Blackhurst, Barry C. Dickerson, Mesa, for petitioner.

John H. Budd, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Courtney L. Varner, Phoenix, for respondents employer and carrier.

OPINION

FROEB, Chief Judge.

The controlling issue in this review is whether a new, nonindustrial injury to petitioner's leg is causally related to a previous industrial injury to the same member so as to warrant a reopening of the original award.

On July 30, 1956, the petitioner, Charles E. Miller, sustained an injury to his right knee, which arose out of and in the course of his employment. On March 1, 1957, the Industrial Commission entered an award for scheduled permanent disability, reflecting a 20% functional impairment of the right leg. Later, following a petition to reopen, the petitioner's right knee was fused. This led to a scheduled award on May 8, 1961, for a 30% functional disability in the right leg.

Petitioner resumed full-time employment as a carpenter until March 2, 1973, when his truck rolled over after colliding with a horse on the highway. The accident was not work related. Petitioner suffered various injuries in the collision, including a fracture of his fused right knee. He claimed that but for the fused knee, a consequence of the 1956 industrial injury, he would not have sustained the knee fracture or the resultant loss of function of musculature in the right leg. Specifically, he contended that the muscles in his right leg were weakened by reason of the combined effect of the old injury and the new accident. Petitioner does not contend that the accident was caused by his fused knee. In his petition to reopen, seeking treatment and disability benefits, petitioner claimed that he was totally disabled and was unable to work as a carpenter.

An award may be reopened by a claimant to secure additional benefits on the basis of a new, additional or previously undiscovered temporary or permanent condition. A.R.S. § 23–1061(H).

The hearing officer found that the 1973 accident caused a broken leg at the fused joint and that petitioner has been unable to work since the accident, but concluded that the medical testimony and records, when taken as a whole, do not show there was new, additional or previously undiscovered disability causally related to the industrial injury of July 30, 1956. Consequently, the petition to reopen was denied.

Just as the original injury must be found to be causally related to a claimant's employment, *Zambonini v. Industrial Commission*, 25 Ariz.App. 493, 544 P.2d 710 (1976), *Truck Insurance Exchange v. Industrial Commission*, 22 Ariz.App. 158, 524 P.2d 1331 (1974), any new, additional or previously undiscovered condition must also be causally related to the original accident. *Davila v. Industrial Commission*, 98 Ariz. 258, 403 P.2d 812 (1965). Stated otherwise, the original accident and the injuries which result from it must be shown to be a cause, at least in part, of the condition for which reopening is sought. The facts of the present case fall short of establishing this necessary element.

At the outset it is well established that where the results of an accident are not apparent to a layman, expert medical evidence is required to establish the causal relationship between an industrial accident and the claimant's condition. *McNeely v. Industrial Commission*, 108 Ariz. 453, 501 P.2d 555 (1972); *Waller v. Industrial Commission*, 99 Ariz. 15, 406 P.2d 197 (1965).

Medical evidence was received from two physicians at the hearing. Egon V. Johnson, M.D., an orthopedic specialist, examined petitioner on June 21, 1973, and found no consequences to the right knee which could be related to the original industrial injury. He found some muscle weakness in the right leg, but did not attribute this to aggravation of the original injury. He stated that petitioner did not require any further medical treatment, but suggested certain muscle exercises to strengthen the limb. Buford Gregory, D. O., also a specialist in orthopedics, examined petitioner in the hospital after the car accident and again on February 11, 1975. He stated that petitioner had fractured his leg at the fused joint in the car accident and thereafter experienced a weakened condition of the musculature in the right leg. At the time of his last examination, Dr. Gregory concluded that petitioner could not then work as a carpenter, but that treatment through exercises could rehabilitate the leg musculature. He indicated that the cast on the leg and the resulting immobilization of the limb caused a wasting or weakness of the muscles in the limb. Dr. Gregory opined that

the right leg was weakened by the accident. He also stated that the accident aggravated the pre-existing condition of the leg. On the issue of whether the condition of the fused right knee before the car accident could be held responsible in some degree for the condition of the leg following the accident, Dr. Gregory stated that petitioner would have had a better recovery but for the pre-existing condition because he would have used the leg more to build up the muscles. It is clear from the overall testimony that this is what Dr. Gregory meant when he said the car accident "aggravated the pre-existing condition." Yet, when all of Dr. Gregory's testimony is considered, it becomes clear that he found no added disability to the already fused knee and attributed the muscle weakness occurring after the car accident to the fact that his leg had to be immobilized in a cast. He pointed out that the leg could not be exercised during this period and had not been rehabilitated afterwards. There was no showing that the failure to rehabilitate the leg after the cast was removed was a consequence of the 1956 industrial injury.

We think the hearing officer could find on this evidence that the petitioner failed to carry the burden of showing a new, additional or previously undiscovered condition *causally* related to the original industrial accident.

Arizona cases relied upon by petitioner are distinguishable from this fact situation. In *Carabetta v. Industrial Commission*, 12 Ariz.App. 239, 469 P.2d 473 (1970), the court upheld a finding that the claimant's fall down a flight of stairs four months after an industrial injury to his leg brought on consequences which could be related to the original injury. It was held that where a weakened member, such as a leg, contributes to a later fall, the later fall is a compensable consequence of the prior industrial injury. We think the distinction between the facts of this case and the present case is obvious without further discussion. In *American Smelting & Refining Co. v. Industrial Commission*, 25 Ariz.App. 532, 544 P.2d 1133 (1976), this court upheld a causal

relationship between a subsequent nonindustrial disease acting upon a pre-existing industrial injury. In that case, the evidence showed the employee died as a result of a lung infection which physicians testified was traceable to a leg ulcer from an old industrial injury in which the employee's leg and foot were burned. Here again the causal relationship was demonstrated by sufficient proof, whereas in the present case it was not. The court, in *American Smelting*, held:

It is well established that where, as here, the chain of causation from the original industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the claimant's own intentional conduct, then the subsequent injury or death should be compensable. See 1 Larson, Law of Workman's Compensation, § 13.11, and cases cited therein. 25 Ariz.App. at 534, 544 P.2d at 1135.

In *State Compensation Fund v. Hedges*, 16 Ariz.App. 132, 491 P.2d 855 (1971), the claimant sustained injuries in a fall unrelated to employment which were related medically to an earlier industrial accident involving the same area. Here again the causal relationship was fully established, distinguishing it from the present case. To the same general effect is *Rich v. Vail Ballou Press, Inc.*, 33 A.D.2d 1088, 307 N.Y.S.2d 943 (1970); *Urbancik v. Roseman Estates, Inc.*, 11 A.D.2d 554, 199 N.Y.S.2d 775 (1960); *Copeland v. Joseph Cucci Construction Co.*, 19 A.D.2d 666, 241 N.Y.S.2d 109 (1963); *Standard Metals Corp. v. Ball*, 172 Colo. 510, 474 P.2d 622 (1970).

We think the hearing officer did not err when he concluded that the medical evidence, considered as a whole, failed to demonstrate that petitioner suffered a new, additional or previously undiscovered disability causally related to the original industrial injury.

Affirmed.

JACOBSON, P. J., and HAIRE, J., concur.