## Richmond

### R.H. LEONARD AND ERIE INSURANCE EXCHANGE V. WILLIAM A. ARNOLD

September 1, 1977.

Record No. 760795.

Present: All the Justices.

*Norman A. West (West & Zabriskie,* on briefs), for appellants.

*J. Hunt Brasfield (Ashcraft, Gerel & Koonz,* on brief) for appellee.

I'ANSON, C.J., delivered the opinion of the Court.

■ At the outset, we are confronted with a motion by appellee to dismiss this appeal for failure of the appellant to timely "file with the clerk of this Court a designation of the parts of the record that he intends to include in the appendix." Rule 5:36(a).

Since the entire proceedings conducted before the Industrial Commission are included in the appendix and appellee has not been prejudiced, we hold that the failure of the apppellant to designate "the parts of the record that he intends to include in the appendix" within the time required by the Rule is not jurisdictional. Hence, the motion to dismiss is overruled.

The question presented on this appeal is whether the employee's second accident and the resulting injury is a "change in condition" for which he may file his claim for workmen's compensation within one year after he last received compensation for the first injury under the provisions of Code § 65.1-99, or a new accident which requires notifying the employer, his agent or representative, within the time required by Code § 65.1-85,[1] and the filing of a claim for compensation with the Industrial Commission under the time limitation set forth in Code § 65.1-87.[2]

---

1. Section 65.1-85 requires notice of an accident to employer, his agent or representative, within 30 days after the occurrence unless excused from doing so under certain enumerated circumstances.

2. Section 65.1-87 requires a claim to be filed with the Industrial Commission within one year after the accident. The statute has since been amended extending the time to two years. 1975 Va. Acts, c. 471 at 812 (effective July 1, 1975).

William A. Arnold, an employee of R. H. Leonard, sustained a fracture of the right heel bone in an accident arising out of and in the course of his employment on June 3, 1974. As a result of the injury, a short leg cast was applied, and Arnold was given crutches to assist him in walking.

On June 14, 1974, Arnold, his employer, and employer's insurance carrier Erie Insurance Exchange, entered into an agreement providing that Arnold would receive compensation of $80 per week, during incapacity, and medical benefits, beginning on June 11, 1974. The Industrial Commission entered its order approving the agreement on July 3, 1974.

Eight days after the June 3, 1974 injury, Arnold was descending the stairs in a restaurant when his crutches caught in some metal stripping which caused him to fall. As a result of the fall, he sustained injuries to his upper back, shoulders, and neck. The cast on his heel was damaged, but no further injury occurred to his heel. After treatment in a hospital emergency room, Arnold went to the office of Dr. David Couk, the same carrier-authorized physician who was treating him for the heel fracture. At that time Arnold advised Dr. Couk of his trip-and-fall as shown on the doctor's report, dated July 17, 1974, to the assistant claims manager of the carrier.

On October 22, 1975, the carrier, having paid compensation for the heel injury through October 27, 1975, filed its application with the Industrial Commission requesting a hearing on the ground that Dr. Couk had reported Arnold had reached maximum improvement for the injured heel· and that a permanency rating of 10% was in order.

The insurer's application came on for hearing on December 17, 1975 before Deputy Commissioner Yates. The parties agreed on the permanency rating, and it is not an issue here. But at that time, Arnold made an oral application for additional compensation based on a subsequent change in condition due to the development of a "cervical disc" problem caused by his fall on June 11, 1974. The evidence before the commissioner consisted of the reports of Dr. Couk and Dr. Bortnick, the testimony of Arnold relating to his fall and injuries sustained on June 11, 1974, and the acknowledgment of the deputy claim examiner for the insurer that he received Dr. Couk's report showing Arnold had informed him of the June 11 fall.

Dr. Bortnick's report shows that he performed "anterior cervical disc removal and fusion" on February 13, 1975 and that Arnold's "problem was related to the fall on June 11, 1974 because he was on crutches."

Dr. Couk's report states that he "emphatically feel[s] that the injury to [Arnold's] neck and spine resulting in disc surgery, were unrelated to the injury which brought about the fracture of the right [heel]."

Deputy Commissioner Yates found the insurer had been advised of the June 11, 1974 fall within the time required by statute; "that the fall at the restaurant did not complicate or aggravate the fractured heel bone" but "flowed as a natural consequence from the original industrial accident of June 3, 1974" and was "not a new accident such as required notice under Code § 65.1-87 . . . but rather a change in condition under § 65.1-99 . . . which was and has been timely brought." The full commission affirmed Deputy Commissioner Yates' findings of law and fact. Thus, Arnold was awarded compensation for the injuries sustained as a result of the fall on June 11, 1974.

The insurer argues that the injury sustained on June 11, 1974 was from a new accident and that Arnold's claim was barred for his failure to comply with the time limitations set forth in Code §§ 65.1-85 and 65.1-87.

On the other hand, Arnold argues that the injury of June 11, 1974 was a change in condition and that he applied for compensation within the year after the last payment of compensation for the heel injury under the requirement of Code § 65.1-99.

Code § 65.1-8 provides:

"Change in condition as used in this Act means a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded or terminated which would affect the right to, amount of, or duration of compensation."

Code § 65.1-99 provides the means of reviewing a prior existing award to adjust benefits to conform with the present status of the compensable condition.

Professor Larson, in his comprehensive work on Workmen's Compensation Laws, Vol. 3, § 81.31, at 15-489, 15-494 (1976), states:

"The 'change in condition' which justifies reopening and modification is ordinarily a change, for better or worse, in claimant's physical condition. This change may take such form as progression, deterioration, or aggravation of the compensable condition. . . ."

Larson further states:

"When it is said that change in condition includes aggravation of the first injury, this must be understood to include aggravation only under circumstances that would not amount to a new compensable injury. . . ." *Id.* at 15-497.

■ When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment, every natural consequence that flows from the injury is compensable if it is a direct and natural result of a primary injury. *See Womack, Inc.* v. *Ellis,* 209 Va. 588, 591, 166 S.E.2d 265, 268 (1969). But this rule, which was strongly relied upon in the Industrial Commission's opinion, has no application to a new and separate accidental injury. *See Womack,* 209 Va. at 593, 166 S.E.2d at 269.

■ In the present case, the evidence shows that the injuries sustained by Arnold in the fall on June 11 did not naturally flow from a progression, deterioration, or aggravation of the injury sustained in the original industrial accident on June 3. Hence, the injuries sustained by Arnold on June 11 were the result of a new and separate accident, not from a "change in condition" resulting from his first accident.

The insurer concedes that Arnold's injuries sustained on June 11 were compensable under the doctrine of compensable consequences because he suffered a fall caused by the crutches required for treatment of the first injury. This doctrine extends the canopy of the Workmen's Compensation Act to the resulting injury. This is so because the second injury is treated as if it occurred in the course of and arising out of the employee's employment. *Immer and Company* v. *Brosnahan,* 207 Va. 720, 152 S.E.2d 254 (1967).

But, as the insurer contends, the issue presented in the instant case is not whether the injuries sustained by Arnold on June 11 are compensable. The issue is whether an employee who suffers a new and separate injury, not a "change in condition" arising

out of the first injury, is required to give notice of the accident to his employer, his agent or representative, and to file an application for compensation with the Industrial Commission within the time limitations prescribed by Code §§ 65.1-85 and -87.

An application for compensation based on a "change in condition" cannot be used as a substitute for an original hearing on a new and separate accident. *Allen* v. *Mottley Construction Co.*, 160 Va. 875, 880, 170 S.E. 412, 414 (1933).

In the present case, the evidence shows that employer and insurer received notice of the second injury within the time prescribed by Code § 65.1-85. *See Dowdy* v. *Giant of Virginia*, 210 Va. 408, 171 S.E.2d 254 (1969). However, Arnold did not file an application with the Industrial Commission requesting compensation for the June 11, 1974 injuries until December 17, 1975. Since Arnold's application for compensation was not filed within one year from the date of his June 11 injuries, his claim was not timely and it is barred under the provisions of Code § 65.1-87.

For the reasons stated, that part of the award granting Arnold compensation for the June 11 injuries is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*