Milton T. COLLINS, Plaintiff,

v.

NORFOLK SHIPBUILDING & DRYDOCK CORPORATION, Blackships, Inc., and Gulf Oil Corporation, Defendants.

NORFOLK SHIPBUILDING & DRYDOCK CORPORATION, Third-Party Plaintiff,

v.

SLINE INDUSTRIAL PAINTERS, INC., Third-Party Defendant.

Civ. A. No. 80–806–N.

United States District Court, E. D. Virginia, Norfolk Division.

Oct. 6, 1981.

Andrew S. Fine, Fine, Fine, Legum & Fine, Norfolk, Va., for plaintiff.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Norfolk Shipbuilding.

Steven G. Schwartz, Seawell, Dalton, Hughes & Timms, Norfolk, Va., for Blackships and Gulf.

R. Arthur Jett, Jr., Jett, Agelasto, Berkley, Furr & Price, Norfolk, Va., for Sline.

## AMENDED OPINION AND ORDER

CLARKE, District Judge.

Defendant Norfolk Shipbuilding & Drydock Corporation filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure on August 25, 1981. Defendants Gulf Oil Corporation and Blackships, Inc., submitted an identical motion on September 18, 1981. Both motions contend that the six-month statute of limitations governing third-party actions under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 933(b), expired prior to the date that the plaintiff instituted suit against them.

Plaintiff responded with a brief in opposition to the defendants' motions on September 21, 1981. As the briefs and pleadings reveal that there are no disputed issues of material fact, the defendants' motions are ripe for consideration and resolution by the Court.

I.

Plaintiff Milton T. Collins instituted this action against the defendants in a Virginia court on June 20, 1980, whereupon the defendants removed the action to this Court. The Complaint requested Two Million Dollars in damages allegedly arising from injuries that plaintiff sustained during the year 1979, while employed as a painter by Sline Industrial Painters, Inc. (Sline) and while working aboard the vessels GULF PRINCE and GULF SUPREME in the yard of Norfolk Shipbuilding and Drydock Corporation (Norfolk).

The pleadings reveal that Norfolk subcontracted certain repair work on the GULF PRINCE and GULF SUPREME to Sline. The subcontracted work consisted primarily of blasting and painting cargo tanks and decks. Because Sline had no previous experience in painting the confined and enclosed spaces of ships, the Complaint alleged that defendants, who had knowledge of the safety factors, negligently exposed plaintiff to hazardous and poisonous vapors by failing to provide certain precautionary safeguards.

As a result of the exposure to noxious fumes, plaintiff suffered a respiratory injury for which he received compensation from his employer, Sline, effective August 24, 1979. Plaintiff received his first compensation payment on September 24, 1979, and continued to receive compensation until December 2, 1979, when he returned to work. Compensation payments resumed however, on December 20, 1979, when plaintiff aggravated his respiratory condition. Plaintiff filed suit against the defendants for their alleged negligence on June 20, 1980.

## II. 33 U.S.C. § 933

The LHWCA provides that a worker who suffers an injury compensable under the Act "need not elect whether to receive . . . compensation or to recover damages against . . . third persons." 33 U.S.C. § 933(a). Instead, a worker who accepts compensation under an award in a compensation order may commence an action against any parties within six months of the award. *Id.* § 933(b). In the present case, the facts show that Sline filed the Department of Labor Form 202 ("Employer's First Report of Injury or Occupational Illness") on August 24, 1979, the day after Collins allegedly collapsed in the tank of a ship from paint fumes. The facts further show that Sline's compensation carrier, Liberty Mutual, filed the Department of Labor Form 206 ("Payment of Compensation Without Award") on October 4, 1979.

Although the meaning of "award" in § 933(b) has been a source of controversy, most courts have not strictly construed the statute to require an actual filing by the deputy commissioner or Board. *See Rodriguez v. Compass Shipping Co.,* 617 F.2d 955, 958–59 (2d Cir. 1980), *aff'd on other grounds,* —— U.S. ——, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981); *Liberty Mutual Ins. Co. v. Ameta & Co.,* 564 F.2d 1097, 1102 (4th Cir. 1977). This Court, moreover, has previously determined that the requisite filing of documents with the Department of Labor and the acceptance of compensation benefits constitute an informal award so as to commence the six-month limitations period. *Larson v. Associated Container Transp. Ltd.,* 459 F.Supp. 561, 564 (E.D.Va.1978).

Defendants have contended that the requisite filing and acceptance of benefits commenced the running of the six-month statute of limitations on September 24, 1979, the date of the first compensation payment. Because plaintiff did not commence the third-party action until June 20, 1980, well beyond the six-month limitations period, defendants believe that they are entitled to summary judgment on plaintiff's claim. Counsel for plaintiff, however, has sought to evade the § 933(b) bar by identifying the December aggravation of plaintiff's condition as a new injury which would have its own limitations period. Because plaintiff did not accept a compensation payment for the aggravation until December 20, 1979, counsel for plaintiff has contended that the third-party action was timely filed on June 20, 1980.

The Court cannot accept plaintiff's reasoning. The plaintiff's treating physician, James P. Baker, M.D., has stated by affidavit that plaintiff exacerbated his original pulmonary injury upon his return to work in December. Dr. Baker has further stated that the aggravation of plaintiff's condition was related to the original injury.[1]

---

1. The affidavit of Dr. Baker concludes:
   It is my opinion that Mr. Collins sustained an injury in August 1979 which established an abnormality in his air passages and that his symptoms since that time are related to the injury and aggravated by the repeated exposure in December 1979.

 In those compensation cases where there is no causal relationship between a first compensable injury and a subsequent condition, the employee's proper remedy is an original petition or claim based on the new injury. *See Leviton v. Lillibridge*, 387 A.2d 1034, 1039 (R.I.1978); *Leonard v. Arnold*, 218 Va. 210, 237 S.E.2d 97, 99–100 (1977). Where, however, the subsequent condition represents the progression, deterioration or aggravation of an original compensable injury, the employee's proper relief is a petition to reopen or modify the original compensation order. *See Miller v. Industrial Comm'n*, 114 Ariz. 449, 561 P.2d 773, 775 (1977); *Duncan v. George Moser Leather Co.*, 408 N.E.2d 1332, 1341 (Ind. App.1980); *Leonard v. Arnold*, 218 Va. 210, 237 S.E.2d at 99. *See generally* 3 A. Larson, The Law of Workmen's Compensation § 81.31, at 15–489 to –494 (1976). Accordingly, the limitations period for the aggravation or exacerbation of a compensated injury relates back to the date of the original injury and not to the date of the aggravation or exacerbation. *See Aerojet-General Shipyards, Inc. v. O'Keeffe*, 413 F.2d 793, 795 (5th Cir. 1969). *See also Assum v. McManigal*, 98 F.Supp. 31, 33 (E.D.Ohio 1951) (aggravation of earlier compensated injury does not qualify as new compensable injury).

A review of the relevant precedent convinces the Court that the December exacerbation of plaintiff's compensable injury did not give rise to a new cause of action with its own limitations period. Although precedent amply supports this result, the Court believes that congressional intent compels this interpretation of § 933. Under the statute, Congress vested employees with the right to both accept compensation and sue third party tortfeasors. Congress expressly limited this right, however, by requiring employees to proceed against third parties within six months of a compensation award. To revest compensated employees with the right to proceed against third parties for every progression, deterioration, aggravation or exacerbation of a compensated injury would undermine this congressional intent.

### III.

Reliance on our opinion in *Larson v. Associated Container Transp. Ltd.*, 459 F.Supp. at 564, demands a finding that the six-month limitations period commenced on September 24, 1979, when Sline filed the requisite documents and plaintiff accepted compensation benefits. As both precedent and congressional purpose negate the claim that the December exacerbation constituted a totally new compensable injury with a new limitations period, the Court must conclude that the six-month statute of limitations under § 933 had expired when plaintiff filed this action on June 20, 1980. Accordingly, the Court GRANTS the defendants' Motions for Summary Judgment and this action is DISMISSED.