COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


PENNSYLVANIA NATIONAL SECURITY
INSURANCE COMPANY

v.        Record No. 1764-95-1          MEMORANDUM OPINION[*]
                                            PER CURIAM
RONALD J. KUBESH,                        FEBRUARY 6, 1996
EASTERN METAL PRODUCTS & FABRICATORS, INC.
AND GLOBE INDEMNITY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Calvin W. Fowler, Jr.; Kimberly A.
              Satterwhite; Williams, Mullen, Christian &
              Dobbins, on briefs), for appellant.

              (William C. Walker; Donna White Kearney;
              Taylor & Walker, on brief), for appellees
              Eastern Metal Products & Fabricators, Inc.
              and Globe Indemnity Company.

              No brief for appellee Ronald J. Kubesh.



     Pennsylvania National Security Insurance Company (Penn

National) contends that the Workers' Compensation Commission

(commission) erred in finding that Ronald J. Kubesh (claimant)

sustained a new injury to his right ankle caused by his June 21,

1994 compensable injury by accident.  Penn National contends that

claimant sustained a change in condition causally related to his

initial compensable industrial injury of August 10, 1993.[1]  Upon

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]The deputy commissioner found that claimant sustained a new
injury by accident arising out of his employment on June 21,
1994.  Penn National did not appeal this finding to the full
commission.  Therefore, the full commission did not err in ruling
that this finding became the law of the case.  Accordingly, this
finding is not reviewable on appeal.

reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we construe the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The Commission's findings of fact are binding on appeal where supported by credible evidence."  Board of Supervisors v. Martin, 3 Va. App. 139, 146, 348 S.E.2d 540, 543 (1986).

On August 10, 1993, claimant sustained a compensable injury by accident to his right ankle and knee.  Dr. Thomas Stiles, claimant's treating orthopedic surgeon, diagnosed a tear of the deltoid ligament at the ankle, a tear of the distal tibial fibula syndesmosis, and a high proximal fracture of the fibula with avulsion type injury to the deltoid ligament.  Claimant underwent open reduction and external fixation surgery.  Claimant received temporary total disability benefits from August 19, 1993 through February 20, 1994.  On February 21, 1994, claimant returned to work, but he was not able to carry out all of his pre-injury duties.  While working, claimant had to wear a high-top shoe with a special arch and a separate ankle brace.

By April 1994, Dr. Stiles reported that claimant was doing fairly well, that his ankle was stable, and that the swelling was gradually subsiding.  On June 1, 1994, claimant complained to Dr. Stiles of recurrent bouts of swelling.  Claimant did not complain

about instability.

Claimant testified that, on June 21, 1994, while in the course of his employment, he climbed a ladder, and as he stepped over a brace and onto staging with his left foot, he felt a sharp pain in his right ankle.[2] On June 30, 1994, Dr. Stiles examined claimant and diagnosed an acute sprain related to the June 21, 1994 incident. On September 6, 1994, Dr. Stiles noted that claimant "has a definite valgus formation of his ankle when he ambulates without his brace." Dr. Stiles opined that claimant "definitely has increased damage to his deltoid ligament with his last injury, and will definitely have permanent disability." After the June 21, 1994 incident, claimant could not perform field work. As a result, his weekly wage was reduced from $600 to $404.50.

An aggravation of a pre-existing condition must occur under circumstances that would not amount to a new compensable injury by accident. Leonard v. Arnold, 218 Va. 210, 214, 237 S.E.2d 97, 100 (1977). A new injury "must, in itself, satisfy each of the requirements for an 'injury by accident arising out of . . . the employment.'" First Federal Savings & Loan v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989).

In holding Penn National liable for benefits related to claimant's June 21, 1994 injury by accident, the commission found

---

[2]At various times before June 21, 1994, claimant suffered from ankle pain and swelling caused by turning or shifting his weight.

as follows:

> The evidence in this case shows that the claimant reinjured and aggravated his right ankle on June 21, 1994, but in an accident independently compensable under the Worker's Compensation Act. The medical records of Dr. Stiles show that it was the second accident with the subsequent structural and pathologic changes in the right ankle that produced the increased injury and the loss of wage earning capacity.

Dr. Stiles's opinions and claimant's testimony provide credible evidence to support the commission's finding of a new injury, independently compensable, without regard to claimant's prior injury of August 10, 1993. Dr. Stiles opined, without contradiction, that claimant sustained increased damage to his deltoid ligament as a result of the June 21, 1994 injury by accident. Based upon this record, the commission did not err in holding Penn National liable for benefits caused by this new injury.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

4