COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


SUPER FRESH FOOD MARKETS, INC.
                                        MEMORANDUM OPINION[*]
v.   Record No. 1276-98-4                  PER CURIAM
                                         OCTOBER 6, 1998
REJINO C. STULTZ


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (S. Vernon Priddy, III; Sands, Anderson,
                Marks & Miller, on brief), for appellant.

                (James E. Swiger; Swiger & Cay, on brief),
                for appellee.


     Super Fresh Food Markets, Inc. ("employer") contends that

the Workers' Compensation Commission ("commission") erred in

finding that the Supreme Court's holding in The Steinrich Group

v. Jemmott, 251 Va. 186, 467 S.E.2d 795 (1996), did not bar

compensation for Rejino C. Stultz's ("claimant") left shoulder

condition.  The commission found that the left shoulder condition

was a compensable consequence of claimant's original February 14,

1994 injury by accident.  Employer also argues that the

commission should have dismissed claimant's claim, because he

failed to file his claim for benefits as a new injury claim,

rather than as a change in condition.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

In Virginia, "[t]he doctrine of compensable consequences is well established and has been in existence for many years." Williams Indus., Inc. v. Wagoner, 24 Va. App. 181, 186, 480 S.E.2d 788, 790 (1997).

> This doctrine, also known as the chain of causation rule, provides that "'where the chain of causation from the original industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the [employee's] own intentional conduct, then the subsequent [condition] should be compensable.'"

Food Distributors v. Estate of Ball, 24 Va. App. 692, 697, 485 S.E.2d 155, 158 (1997) (quoting Leadbetter, Inc. v. Penkalski, 21 Va. App. 427, 432, 464 S.E.2d 554, 556 (1995)) (other citation omitted). "'The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable.'" American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (citation omitted). "[W]here a causal connection between the initial compensable injury and the subsequent injury is established . . . the subsequent injury 'is treated as if it occurred in the course of and arising out of the employee's employment.'" Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 794, 407 S.E.2d 1, 3 (1991) (quoting Leonard v. Arnold, 218 Va. 210, 214, 237 S.E.2d 97, 100 (1977)).

Employer does not dispute that claimant proved a causal

connection between his initial February 14, 1994 compensable right shoulder injury and his subsequent left shoulder problems.[1] However, employer contends that the commission erred in refusing to apply the rule set forth in <u>Jemmott</u> to bar compensation in this case. Employer argues that <u>Jemmott</u> bars compensation for a cumulative trauma injury which is found to be a compensable consequence of an original injury by accident. We disagree.

In <u>Jemmott</u>, the Supreme Court held that "job-related impairments resulting from cumulative trauma caused by repetitive motion, however labeled or however defined, are, as a matter of law, not compensable under the present provisions of the Act." 251 Va. at 199, 467 S.E.2d at 802. <u>Jemmott</u> dealt with the compensability of a <u>primary</u> injury or condition, it did not address the compensability of a cumulative trauma injury caused by an intervening event, which was itself a result of the original compensable injury by accident. Nothing in <u>Jemmott</u> expressly overruled or altered the well-established doctrine of compensable consequences. Accordingly, the commission did not err in refusing to apply the holding in <u>Jemmott</u> to the facts of this case.

## II.

Employer argues that the commission should have dismissed claimant's claim because he failed to file a claim for benefits

---

[1] Claimant's testimony and the medical evidence established that his left shoulder symptoms were caused by overuse of his left extremity due to the injury to his right shoulder.

alleging a new injury by accident as required by <u>Leonard v. Arnold</u>, 218 Va. 210, 237 S.E.2d 97 (1977). Employer did not raise this specific argument before the commission. Accordingly, we will not consider this issue for the first time on appeal. <u>See</u> <u>Green v. Warwick Plumbing & Heating Corp.</u>, 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.