BENTON, J.,
concurring.
This appeal concerns the interpretation of the death benefits provision of the Workers’ Compensation Act. In pertinent part, Code § 65.2-512(A) provides that “[i]f death results from the accident within nine years, the employer shall pay, or cause to be paid, compensation.” The issue is whether the words “the accident” refer only to the event that gave rise to the original compensable injury by accident or whether the words also include a later event that causes an additional injury which is compensable under the doctrine of compensable consequence. I agree with the majority that the commission correctly ruled that the statute refers to the original event.
The commission’s opinion properly concludes that the employee’s reliance on Leonard v. Arnold, 218 Va. 210, 237 S.E.2d 97 (1977), is misplaced. I write separately, however, solely to address the following sentence in the commission’s opinion:
Leonard v. Arnold and its progeny instruct that all claims causally related to the original accident, but which amount to new and separate accidents must be submitted to the employer and the Commission within the original statute of limitation or they will be forever barred.
*679 If the words “original statute of limitation” relate to the statute of limitations in effect for the filing of a new claim for benefits, I agree with the tenor of the sentence. If, on the other hand, the words were intended to refer to the statute of limitations applicable to the original claim for benefits that already has been filed, I disagree with the import of the sentence.
In Leonard, an employee sustained a compensable injury by accident to his heel on June 3, 1974. Eight days later, on June 11, while wearing crutches to assist him in walking and “descending the stairs in a restaurant ... [,] his cratches caught in some metal stripping which caused him to fall.” Id. at 212, 237 S.E.2d at 98. The Court ruled that the back and neck injuries the employee sustained on June 11 “were the result of a new and separate accident” and were a compensable consequence of the June 3 injury. Id. at 214, 237 S.E.2d at 99. The Court then addressed when the statute of limitations began to run on a claim for “injuries [that] ... were compensable under the doctrine of compensable consequences,” where “the injuries ... were the result of a new and separate accident, not from a ‘change in condition’ resulting from his first accident.” Id. at 214, 237 S.E.2d at 99-100. The Court held that the time for filing the claim for the injuries resulting from the “new and separate accident” began to ran on “June 11,” which was the date of the occurrence of the “new and separate accident.” Id. at 215, 237 S.E.2d at 100. See also Bartholow Drywall Co. v. Hill, 12 Va.App. 790, 796-97, 407 S.E.2d 1, 4-5 (1991) (holding that where the new injury is a compensable consequence of the initial injury, the statute of limitations runs from the date of the new injury). This case is not governed by Leonard.
The period of nine years contained in Code § 65.2-512(A) is not in the ordinary sense a statute of limitations because it does not establish a time limit for either filing a claim with the commission or notifying the employer of the event. “[C]ompensability and the time limitations within which a compensable claim must be asserted are separate and distinct issues.” Id. at 793, 407 S.E.2d at 3. See also Vaughn, Inc. v. Beck, 262 *680 Va. 673, 679, 554 S.E.2d 88, 91 (2001) (distinguishing between a statute of limitations and a statutory time period that is a part of the cause of action). The period of nine years denotes a fact to be proved as a condition precedent to the entitlement to death benefits when death results from the injury by accident. Leonard does not extend the period of entitlement for death benefits upon proof of the occurrence of a “new accident” that is a compensable consequence of the original injury by accident. Furthermore, nothing in the express words of the statute or in the spirit of the Act suggests that the legislature intended to extend the period of entitlement to the death benefits when there has been an occurrence of a compensable consequence of the original injury by accident. In this case, the injury by accident occurred in 1986 and the death occurred in 1999, more than nine years after the event that gave rise to the injury by accident. Thus, I concur in affirming the commission’s decision.