**Alexandria**

BARTHOLOW DRYWALL COMPANY, INC., et al.

v.

KAREN D. HILL

No. 0671-90-4

Decided July 1, 1991

Counsel

Benjamin J. Trichilo (Lewis, Trichilo & Bancroft, on briefs), for appellant.

James E. Swiger (Thatcher, Swiger & Day, on brief), for appellee.

Opinion

KOONTZ, C.J.—This appeal arises from an Industrial Commission decision that the January 6, 1989 right wrist injury of Karen D. Hill, appellee, was a compensable consequence of her July 24, 1986 lower back industrial injury and that her claim for medical benefits concerning the wrist injury was timely filed. On appeal, Bartholow Drywall Company, Inc. and West American Insurance Company, appellants, (hereafter collectively employer) raise the following issues: (1) whether the doctrine of compensable consequences applies to Hill's January 6, 1989 injury, and (2) whether Hill's claim is barred pursuant to Code § 65.1-87 since she did

not file her claim within two years from the date of her original back injury in 1986.

The essential facts are not in dispute. Hill suffered a compensable lower back injury on July 24, 1986. The parties entered into a memorandum of agreement providing for temporary total disability benefits beginning July 31, 1986, and the commission entered an award based upon this agreement. On January 6, 1989, as a result of residual back weakness Hill fell at home and injured her right wrist. Employer declined to pay the medical expenses related to the wrist injury. On March 10, 1989, Hill filed an application for these medical benefits with the commission. The commission's award of these benefits prompted the present appeal.

On appeal, Hill stipulates that her January 1989 injury was the result of a new and separate accident rather than an aggravation of her July 1986 injury. Accordingly, we must decide whether the doctrine of compensable consequences applies to new injuries, and if so, within what time limitation claims for such injuries must be filed with the commission. Both parties to this appeal assert that *Leonard v. Arnold*, 218 Va. 210, 237 S.E.2d 97 (1977), supports their differing positions on these issues.

Employer primarily relies upon the following paragraph from *Leonard* for the assertion that this doctrine does not apply to a new injury:

> When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment, every natural consequence that flows from the injury is compensable if it is a direct and natural result of a primary injury. But this rule . . . has no application to a new and separate accidental injury.

*Id.* at 214, 237 S.E.2d at 100.

The proper interpretation of the above language from *Leonard* and, more significantly, the holding in that case involve the application of well established principles and the context in which these principles become applicable in a particular factual setting. We begin our analysis with a brief recitation of these principles and an explanation of the context in which their application is pertinent to the present appeal.

Pursuant to Code § 65.1-7, workers' compensation benefits are extended only to injuries arising out of and in the course of employment. Code § 65.1-87 provides the right to such compensation and provides that the right shall be forever barred unless a claim is filed with the commission within two years of the accident. The provisions of Code § 65.1-87 are jurisdictional. Code § 65.1-8 defines a "change in condition" to mean "a change in the physical condition of the employee" and is applicable only after the entry of a prior award in a compensable case. An award based on a change in condition is different from the right to recover for the injury itself; a change in condition is remedial and enlarges or diminishes a former award to meet the circumstances of a particular case. *Allen v. Mottley Constr. Co.*, 160 Va. 875, 886, 170 S.E. 412, 416 (1933). Code § 65.1-99 applies to change of condition cases and provides a twenty-four month time limitation from the last day for which compensation was paid, pursuant to an award by the commission, for partial incapacity within which the employee may seek benefits. Code § 65.1-99 is not jurisdictional and may be waived by the employer. *See generally Binswanger Glass Co. v. Wallace*, 214 Va. 70, 197 S.E.2d 191 (1973).

Based upon these general principles, it is clear that an employee, whether asserting an initial claim or a change in condition, must always establish a compensable injury. Code §§ 65.1-87 and 65.1-99, however, provide different time limitations within which an initial claim and a change in condition must be asserted by the employee. Thus, compensability and the time limitations within which a compensable claim must be asserted are separate and distinct issues. In the present case, the commission determined that Hill's January 1989 injury was compensable and that the appropriate time limitation began to run on that date rather than from the date of the initial injury on July 24, 1986. Implicit in the commission's decision is a holding that, on the issue of compensability, the doctrine of compensable consequences is applicable to new injuries as well as aggravation of prior injuries. For the reasons that follow, we agree with the commission and determine that the commission's decision is consistent with the Supreme Court's holding in *Leonard*.

The doctrine of compensable consequences, as the name implies, provides that "[w]hen the primary injury is shown to have

arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." *Morris v. Badger Powhatan/Figgie Int'l, Inc.*, 3 Va. App. 276, 283, 348 S.E.2d 876, 879 (1986) (quoting A. Larson, *The Law of Workmen's Compensation* §§ 13 and 81.30). In other words, where a causal connection between the initial compensable injury and the subsequent injury is established, the doctrine of compensable consequences extends the coverage of the Workers' Compensation Act to the subsequent injury because the subsequent injury "is treated as if it occurred in the course of and arising out of the employee's employment." *Leonard*, 218 Va. at 214, 237 S.E.2d at 100.

In the present case, Hill stipulates that her January 1989 wrist injury was a new injury rather than an aggravation or change in condition in her prior back injury. Consequently, the provisions of Code § 65.1-87 rather than Code § 65.1-99 are applicable to her present claim.[1] However, while Hill's January 1989 injury was a new injury and not a change in condition, the commission's determination that a causal connection was established between her initial compensable back injury and her subsequent wrist injury is supported by the unrefuted evidence in the record.

Employer, however, argues that *Leonard* and *Shawley v. Shea-Ball Construction Co.*, 216 Va. 442, 219 S.E.2d 849 (1975), stand for the proposition that the doctrine of compensable consequences does not apply to a "new injury," and even if her new injury is compensable, it is nevertheless barred pursuant to Code § 65.1-87 because she did not file her claim within two years from the initial injury in July 1986. We disagree.

*Shawley* is readily distinguishable on the facts from Hill's case. In that case, the claimant suffered compensable injuries to his right hip and *left* ankle on January 18, 1973. The commission entered an award for total work incapacity. More than one year later [the then applicable time limitation contained in Code

---

[1] While the record is not clear, apparently Hill was still under an award from her initial injury. Thus, the time limitations of Code § 65.1-99 would not have commenced on a change in condition application. We note this fact only to clarify why the date on which Code § 65.1-87 is applied becomes critical to this case.

§ 65.1-87], the employer filed an application with the commission alleging that Shawley had reached maximum recovery. At that time, Shawley maintained that he remained totally disabled because he was then suffering from back and *right* ankle injuries related to his initial injury. The commission entered an award for permanent partial disability concerning the *left* ankle injury, but found that the back and right ankle injuries were not covered by its original award; that they were new injuries not previously asserted by Shawley; and that they were barred by the provisions of Code § 65.1-87. On appeal, the Supreme Court affirmed the commission's decision. *Shawley* did not involve the application of the doctrine of compensable consequences or a "new injury." The employee in that case simply had not asserted all of his injuries from the initial industrial accident. Thus, *Shawley* involved a straightforward application of the provisions of Code § 65.1-87 to an initial injury.

*Leonard,* however, addresses the issues presented in Hill's case. In that case, the stated issue before the Court was whether the employee's second accident and resulting injury was a change in condition to which the time limitation of Code § 65.1-99 was applicable, or a new accident to which the time limitation of Code § 65.1-87 was applicable. The claimant sustained a compensable injury to his right foot on June 3, 1974, that required him to wear a cast and use crutches. On June 11, 1974, eight days after the initial accident, the claimant fell down some stairs in a restaurant when his crutches caught on some metal stripping. As a result of the fall, the claimant suffered injuries to his back, shoulders and neck. No further injury occurred to his foot. The employer accepted the foot injury as compensable and the commission subsequently entered an award for that injury. On October 22, 1975, the employer filed an application alleging that the claimant had reached maximum improvement for his injured foot. At the subsequent hearing before the commission on December 17, 1975, the claimant made an oral application for additional compensation alleging a subsequent change in condition due to the development of a cervical disc problem caused by his fall on June 11, 1974. The commission found that the June 11, 1974 fall in the restaurant did not aggravate the prior foot injury but flowed as a natural consequence from the June 3, 1974 injury. It further found that the June 11, 1974 fall was not a new accident such as required notice under Code § 65.1-87 but rather was a change in condition to

which Code § 65.1-99 was applicable. Because the claim was timely filed under Code § 65.1-99, compensation was awarded for the June 11, 1974, injury. On appeal, the Supreme Court reversed the decision of the commission.

In reviewing the decision of the commission, the Court reiterated the distinction between a change in condition and a new and separate accidental injury, and determined that the claimant had suffered a new and separate accident on June 11, 1974. The employer conceded that the claimant's June 11 injuries, the new injuries, were compensable under the doctrine of compensable consequences because he suffered a fall caused by the crutches required for treatment of the first injury. The Court, accepting the new injury as compensable, then specifically noted that compensability was not the issue, but rather the issue was whether an employee who suffers a new injury, not a change in condition, must file a claim for benefits within the time limitations prescribed by Code § 65.1-87. Answering in the affirmative, the Court then held that because the claim was filed on December 17, 1975, more than one year [the time limitation prescribed by Code § 65.1-87 at that time] from the date of his *June 11, 1974* injury, the claim was not timely and was barred. Significantly, the holding in *Leonard* commences the running of the time limitation in Code § 65.1-87 from the date of the new injury rather than from the date of the initial injury, as asserted by the employer on brief in the present appeal. Thus, consistent with *Leonard*, the commission, after determining that Hill's January 1989 injury was a new injury and was a compensable consequence of the initial injury, properly declined to apply the provisions of Code § 65.1-87 as of the date of her initial injury in July 1986, and found that the claim was timely filed applying this statute from the date of her new injury, which was well within the filing requirements of this statute.

█ Finally, when the previously quoted paragraph from *Leonard*, upon which employer places primary reliance for his position that the doctrine of compensable consequences does not apply to new injuries, is considered in context and in light of the holding in *Leonard*, we believe employer misconstrues that paragraph. When read in context, we believe that, as the Court in *Leonard* subsequently stated, the proper interpretation of that paragraph is that where the facts establish a new and separate compensable injury rather than a compensable change in condi-

tion, the time limitations of Code § 65.1-87 are applicable and the claimant may not use a change in condition application to invoke the time limitations of Code § 65.1-99.

In summary, we hold that the doctrine of compensable consequences is applicable both to aggravation of a prior compensable injury and a new injury for the purpose of establishing compensability of the subsequent injury. Where the subsequent injury is a new injury, the provisions of Code § 65.1-87 are applicable from the date of that new injury. When the subsequent injury is a change in condition, the provisions of Code § 65.1-99 are applicable.

For these reasons, the decision of the commission is affirmed.

*Affirmed.*

Benton, J., and Keenan, J., concurred.