COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

LINN K. HALLETT

v.   Record No. 0387-97-2

ST. MARY'S HOSPITAL AND
 PENNSYLVANIA MANUFACTURERS
 ASSOCIATION INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
JULY 29, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Robert L. Flax; Flax, Billy & Stout, on
brief), for appellant.

(James G. Muncie, Jr.; Midkiff & Hiner, on
brief), for appellees.


Linn K. Hallett (claimant) contends that the Workers'
Compensation Commission (commission) erred in (1) failing to find
that her left shoulder, right knee, neck, back, and hip pain were
compensable consequences of her June 3, 1994 injury by accident;
and (2) reversing the deputy commissioner's credibility
determination.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

I.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained her burden of proving a causal connection between her injuries and her compensable injury by accident, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).[1]

In denying claimant's application, the commission found as follows:

> In an "Employee Occurrence Report" of June 3, 1994, the only injury mentioned was to the left knee, although there was a box on the report for the right knee, shoulder, and hip . . . . In the emergency room admission record on the day of the injury, the claimant was diagnosed with a left knee injury. Additionally, she specifically stated that she slipped due to a wet floor and twisted her left knee, but did not fall. This is contrary to the claimant's testimony at the Hearing indicating: 1) that she felt pain in her legs, hip, and neck at the time of injury; 2) that a heavyset woman fell on her legs; and 3) that her legs, hip, and shoulder hit the floor . . . . The claimant was subsequently treated by various orthopedic surgeons, including Dr. William R. Beach, Dr. William T. Johnstone, Dr. Donald G. Seitz, and Dr. Kenneth R. Zaslav, and by rheumatologist internist, Dr. Michael J.

---

[1] Claimant contends on appeal that the commission erred by not finding that she proved that her various conditions were causally related to her June 3, 1994 industrial injury pursuant to the doctrine of compensable consequences. Whether the issue is framed as involving the doctrine of compensable consequence or one involving whether a direct causal connection exists between the June 3, 1994 accident and claimant's current conditions, the dispositive issue is whether claimant's evidence proved a causal connection between those conditions and her June 3, 1994 injury by accident. See Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 794, 407 S.E.2d 1, 3 (1991). Therefore, we will address that issue in our opinion.

2

Strachan. She was examined by Dr. Beach in July 1994 and treated with him approximately 13 times; yet she failed to mention injuries other than to her left knee. Drs. Beach, Johnstone, and Seitz each responded to defense counsel's questionnaire of April 10, 1995, and indicated: 1) that the claimant did not suffer injury to any part of her body other than her left knee on June 3, 1994; 2) that she only complained of pain in her left knee during their course of treatment; and 3) that the complaints of pain to her neck, back, hip, right knee, left shoulder, arm, fingers, or hands, were not directly related to the compensable injury.

The commission also noted that Dr. Zaslav could not render an opinion on causation to a reasonable degree of medical certainty and Dr. Strachan did not indicate whether claimant's left hip pain was caused by the compensable injury.

The commission's factual findings are supported by the record. In light of the inconsistencies between the occurrence report, the medical histories, and claimant's testimony, and the lack of any persuasive medical opinion supporting a causal connection between claimant's injuries and her compensable accident, the commission, as fact finder, was entitled to conclude that "the medical evidence does not preponderate in establishing that the claimant's current condition is caused by the industrial injury." Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proof. Accordingly, the commission's findings are binding and conclusive upon us on appeal.

II.

3

Claimant contends that the full commission arbitrarily disregarded the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion. However,

> [t]he principle set forth in [Goodyear Tire & Rubber Co. v. ] Pierce[, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of demeanor or appearance of a witness. In short, the rule in Pierce prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

In this case, as in Bullion, upon a review of the deputy commissioner's decision, we do not find a "specific recorded observation" concerning claimant's demeanor or appearance related to the deputy commissioner's credibility determination. The deputy commissioner merely concluded from the evidence before him that claimant met her burden of proof. "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [the witness], the commission had no duty to explain its reasons for . . . [giving little weight to claimant's version of events]." Id. In any event, the commission thoroughly explained its reasons for denying claimant's

4

application, and the reasons given support the conclusion that it did not act arbitrarily in reaching its decision.  See <u>Turcios v. Holiday Inn Fair Oaks</u>, 24 Va. App. 509, 515, 483 S.E.2d 502, 505 (1997).

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.