COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton


MICHAEL S. LUMB

v.    Record No. 1345-97-4

MCLANE FOODS, INC., INSURANCE
 COMPANY OF THE STATE OF PENNSYLVANIA
 AND AMERICAN INTERNATIONAL
 ADJUSTMENT COMPANY, INC.

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 10, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(James E. Swiger, Esq.; Swiger & Cay, on
brief), for appellant.

(Matthew W. Broughton; Leisa Kube Ciaffone;
Gentry, Locke, Rakes & Moore, on brief), for
appellees.


     Michael Lumb (claimant) contends that the Workers'
Compensation Commission (commission) erred in finding that he
failed to prove that his herniated thoracic disc and related
surgery were causally related to his compensable February 26,
1995 injury by accident.  Upon reviewing the record and the
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
"General principles of workman's compensation law provide that

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

'[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application and finding that his evidence failed to prove that his herniated thoracic disc was causally related to his compensable February 26, 1995 injury by accident, the commission found as follows:

> The medical record in this matter does not support the finding that the claimant's thoracic injuries were caused by the industrial injury. Although there were findings of diffuse pain in the thoracic region after the compensable injury, a large herniated disc was found shortly after the second automobile accident. Dr. [Harold F.] Young, who performed surgery on the claimant, indicated that the thoracic disc herniation was not caused by the compensable injury. We note that Dr. [Nathan D.] Zasler initially agreed with this opinion but later reported a possible causal connection. Dr. [Lawrence] Blumberg agreed that the surgery was made necessary by the second accident. After reviewing the evidence in this matter, we place greater weight on the medical record and opinion expressed by Dr. Young.

The commission's findings are supported by Dr. Young's medical records and opinions and the opinion of Dr. Blumberg. As fact finder, the commission was entitled to accept the opinions of Drs. Young and Blumberg and to reject Dr. Zasler's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Claimant's argument that the commission erred by not applying the doctrine of compensable consequences is without merit. The doctrine of compensable consequences provides: where a causal connection between the initial compensable injury and the subsequent injury is established, the doctrine of compensable consequences extends the coverage of the Workers' Compensation Act to the subsequent injury because the subsequent injury "is treated as if it occurred in the course of and arising out of the employee's employment." American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1992) (quoting Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 793-94, 407 S.E.2d 1, 3 (1991) (citations omitted)). Here, claimant's evidence failed to prove a causal connection between the initial February 26, 1995 compensable injury and claimant's subsequently-herniated thoracic disc.

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, we affirm the commission's decision.

3

Affirmed.