COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


VIRGINIA COMMONWEALTH UNIVERSITY

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 1034-97-1         JUDGE RICHARD S. BRAY
                                     NOVEMBER 18, 1997
GAIL HOWARD BLOWE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ingrid E. Olson (Richard Cullen, Attorney
            General; Peter R. Messitt, Senior Assistant
            Attorney General, on brief), for appellant.

            Gregory Camden (John H. Klein; Matthew H.
            Kraft; Rutter & Montagna, L.L.P., on brief),
            for appellee.


     Virginia Commonwealth University (employer) appeals an award

of temporary total disability, and related benefits, by the

Workers' Compensation Commission (commission) to Gail H. Blowe

(claimant).  Employer argues that the evidence failed to

establish that claimant's "psychological problems were a

compensable consequence" of an earlier injury which was

compensable under the Workers' Compensation Act (Act).  We

disagree and affirm the award.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Guided by well-established principles, we construe the

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence in the light most favorable to the party prevailing below, claimant in this instance. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App, 503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); Code § 65.2-706(A). This Court does not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). A "determination of causation is a factual finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

> [W]here a causal connection between the initial compensable injury and the subsequent injury is established, the doctrine of compensable consequences extends the coverage of the [Act] to the subsequent injury . . . "as if it occurred in the course of and arising out of the . . . employment."

Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 794, 407 S.E.2d 1, 3 (1991) (citation omitted). Thus, psychological injury resulting from compensable physical injury is likewise compensable, Teasley v. Montgomery Ward & Co., 14 Va. App. 45, 48-49, 415 S.E.2d 596, 598 (1992), provided claimant establishes the requisite nexus. Hercules, Inc. v. Gunther, 13 Va. App. 357,

- 2 -

362, 412 S.E.2d 185, 188 (1991).

Claimant was originally awarded benefits resulting from carpal tunnel syndrome.[1]  Subsequently, she was compensated for several periods of related temporary total and partial disability, the most recent award concluding on May 19, 1995.  On March 20, 1996, claimant again sought temporary total benefits, commencing February 29, 1996, for a psychiatric disability and attendant treatment, as a "reasonable and natural consequence of her work-related injury . . . ."  The commission concluded that claimant had "met her burden of proving a compensable consequence of the industrial accident" and awarded benefits, prompting this appeal by employer.

Immediately before claimant's psychiatric consult, she had visited Dr. Adelaar, her treating orthopaedic/hand surgeon, complaining of "a lot of swelling in her hand," which had persisted for a "period of time," and "continu[ed] . . . problems in her employment position."[2]  Dr. Adelaar "detect[ed]" no "problems" and claimant began treating with Dr. Agarwal, a psychiatrist, on February 29, 1996, following a referral by her "primary care physician."

Dr. Agarwal initially noted that claimant reported

---

[1]Employer does not challenge this award in the instant proceeding.

[2]In an effort to accommodate claimant's restrictions and discomfort, employer changed her work assignment on several occasions.

"work-related stress" and "continue[d] . . . pain" and "disability due to pain" which rendered her "[un]able to do original work."  In correspondence to claimant's counsel, Dr. Agarwal observed that claimant was "still . . . encountering much pain" in "doing her job" and "daily duties" as a result of her "work-related injury," "creat[ing] much difficulty," including "depression-related . . . job stress," and the need for psychiatric care.  Dr. Agarwal's evidence was consistent with claimant's testimony and other evidence before the commission.

Accordingly, the commission's finding that claimant's psychological disorder was a compensable consequence of an earlier compensable injury is supported by the record, and we affirm the attendant award.

<u>Affirmed.</u>