COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

PATRICIA DIANE HUTTON

v.    Record No. 1386-97-3

STERLING CASKET HARDWARE COMPANY, INC.
 AND CINCINNATI CASUALTY COMPANY

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 18, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Lawrence L. Moise III; Vinyard & Moise, on
briefs), for appellant.

(Christen W. Burkholder, on brief), for
appellees.


        Patricia Diane Hutton (claimant) contends that the Workers'
Compensation Commission (commission) erred in finding that she
failed to prove that her herniated lumbar disc, corresponding
surgery, and disability from March 5, 1996 through July 21, 1996
were causally related to her February 23, 1993 compensable injury
by accident.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

        On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
"General principles of workman's compensation law provide that

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

'[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application and finding that her evidence failed to prove that her herniated lumbar disc and corresponding 1996 surgery and subsequent disability were causally related to her compensable February 23, 1993 injury by accident, the commission found as follows:

> Two physicians have commented on the claimant's current condition and whether it is caused by the earlier compensable injury. Dr. Neal A. Jewell, orthopedic surgeon, has expressed his unequivocal opinion that her current back condition is entirely new, particularly in light of the normal diagnostic studies noted between September 23, 1993, and September 22, 1995. Dr. Melvin L. Heiman, the treating orthopedic surgeon, initially agreed, but subsequently expressed some misgivings as to the accuracy of the prior diagnostic studies and their interpretation. However, Dr. Heiman's reservations do not contradict his earlier opinion in which he agreed with Dr. Jewell. Finally, we do find his indication of a possible causal connection sufficient to carry the burden of proof.

- 2 -

Dr. Jewell's opinions and the diagnostic test results support the commission's findings.  As fact finder, the commission was entitled to accept Dr. Jewell's opinion and to reject Dr. Heiman's contrary opinion.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  "[W]hen it appears . . . that the [treating physician's] diagnosis is shaded by doubt, and there is medical expert opinion contrary to the opinion of the attending physician, then the trier of the fact is left free to adopt that view which is most consistent with reason and justice."  Bristol Builders' Supply Co. v. McReynolds, 157 Va. 468, 471, 162 S.E. 8, 9 (1932); see Reeves, 1 Va. App. at 439, 339 S.E.2d at 572.

Claimant's argument that the commission erred by not applying the doctrine of compensable consequences is without merit.  The doctrine of compensable consequences provides:

> where a causal connection between the initial compensable injury and the subsequent injury is established, the doctrine of compensable consequences extends the coverage of the Workers' Compensation Act to the subsequent injury because the subsequent injury "is treated as if it occurred in the course of and arising out of the employee's employment."

American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (quoting Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 793-94, 407 S.E.2d 1, 3 (1991) (citations omitted)).  Here, claimant's evidence failed to prove a causal connection between the initial February 23, 1993 compensable injury and her herniated lumbar disc diagnosed in 1995 and operated on in 1996.

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained her burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.