COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


FISHERMAN'S WHARF OF AMERICA AND
 VIRGINIA HOSPITALITY GROUP
 SELF-INSURANCE ASSOCIATION
                                      MEMORANDUM OPINION*
v.    Record No. 0188-01-1               PER CURIAM
                                         MAY 22, 2001
BETTY B. WOLFE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William C. Walker; Donna White Kearney;
            Taylor & Walker, P.C., on brief), for
            appellants.

            (Byron A. Adams, on brief), for appellee.


        Fisherman's Wharf of America and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) Betty B.

Wolfe's (claimant) left arm condition constituted a

change-in-condition rather than a new injury by accident and,

therefore, claimant was not required to provide notice to

employer of the left arm condition pursuant to Code

§ 65.2-600(D); and (2) claimant satisfied her burden of

providing such notice.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

### Change-in-Condition vs. New Injury

> A change in an employee's physical condition
> that is compensable under Code § 65.2-708
> includes, among certain other changes, any
> "'progression, deterioration, or
> aggravation'" of a previously compensated
> injury.  However, "a new and separate
> accidental injury" may not be compensated as
> a change in condition of a previous injury.
> Thus, when an employee seeks compensation
> under Code § 65.2-708, the employee must
> prove that the change in condition is
> "causally connected with the injury
> originally compensated."

Southwest Virginia Tire, Inc. v. Bryant, 31 Va. App. 655, 660, 525 S.E.2d 563, 566 (2000) (citations omitted).  Code § 65.2-708 defines a change in condition as "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."  "These changes include 'progression, deterioration, or aggravation of the compensable condition . . . appearance of new or more serious features [and] failure to recover within the time originally predicted . . . .'" Armstrong Furniture v. Elder, 4 Va. App. 238, 243, 356 S.E.2d 614, 616 (1987) (quoting 3 A. Larson, The Law of Workmen's Compensation § 81.31(a) (1983)).

"To be a 'new injury,' the incident giving rise to the aggravation must in itself, satisfy each of the requirements for

- 2 -

an 'injury by accident arising out of . . . the employment.'" First Federal Savings & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989).

"The Commission's finding of fact that [a subsequent] injury was not a new accident is binding on appeal if supported by credible evidence." Board of Supervisors v. Martin, 3 Va. App. 139, 142, 348 S.E.2d 540, 541 (1986).

The commission found that claimant's left arm condition constituted a change-in-condition causally related to her July 31, 1997 compensable right hand injury and that no evidence showed that claimant's left arm condition was caused by a new accident. These findings are supported by credible evidence and will not be disturbed on appeal.[1]

"When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of the employment, every natural consequence that flows from that injury is compensable if it is a direct and natural result of a primary injury." Leonard v. Arnold, 218 Va. 210, 214, 237 S.E.2d 97, 99 (1977). In Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 407 S.E.2d 1 (1991), we held "that the doctrine of compensable

---

[1] The sole issue raised by employer on appeal is whether the commission erred in finding that the left arm condition constituted a change-in-condition rather than a new injury. Employer does not challenge the commission's finding that the left arm condition resulting from overuse was causally related to the compensable July 31, 1997 right extremity injury. Accordingly, that finding is binding and conclusive upon us on appeal.

consequences is applicable both to aggravation of a prior compensable injury and a new injury for the purpose of establishing compensability of the subsequent injury." Id. at 797, 407 S.E.2d at 5. In addition, we have recognized that the law of compensable consequences is applicable to a gradually incurred injury. Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 670-72, 508 S.E.2d 335, 338-40 (1998) (knee pain caused by gait deviations resulting directly from compensable back injury constituted compensable consequence of original back injury).

The medical records and claimant's testimony proved that her left arm symptoms resulting from overuse of that arm due to her favoring her previously injured right extremity flowed as a natural consequence of the compensable right hand injury. Moreover, the record is devoid of any credible evidence that the left arm condition was caused by a new and separate accidental injury. Accordingly, the commission did not err in concluding that the left arm condition constituted a change-in-condition, for which no notice was required under Code § 65.2-600(D), rather than a new injury by accident. See Whitten v. Mead Paperboard Prods., 4 Va. App. 182, 185, 355 S.E.2d 349, 350 (1987) (notice provisions of Code § 65.1-88 (now Code § 65.2-600(D)) apply to original application for benefits not to change-in-condition application).

## Sufficiency of Notice

Because we affirm the commission's holding that claimant's left arm condition constituted a change-in-condition related to her July 31, 1997 injury by accident, we need not address the second issue raised by employer on appeal.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>