COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


ALLTEL COMMUNICATIONS, INC. AND
 CINCINNATI INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 1798-01-1              PER CURIAM
                                     DECEMBER 11, 2001
TERESA E. HOLZNER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Calvin W. Fowler, Jr.; James J. Reid;
            Williams, Mullen, Clark & Dobbins, on
            briefs), for appellants.

            (T. Gregory Evans; Joynes & Gaidies Law
            Group, P.C., on brief), for appellee.


     Alltel Communications, Inc. and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Teresa E. Holzner (claimant)

proved that her left wrist problems were a compensable

consequence of her February 27, 1999 right wrist injury.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.[1]

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] We have considered employer's Motion for Sanctions or in
the Alternative For an Extension of Time to Respond to
Claimant's Brief.  We deny the motion for sanctions and grant
the motion for an extension of time to respond to claimant's

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant proved that her left wrist problems were caused by the November 30, 1999 Functional Capacities Evaluation ("FCE"), which was necessitated by claimant's compensable February 27, 1999 right wrist injury, the commission found as follows:

> The December 4, 1999, emergency room report noted that the claimant had experienced left-wrist pain since November 30, the date of the FCE. Dr. [Robert] Rutland's opinion that the left-wrist injury was not "work-related" appeared to be more of a statement concerning how the injury actually occurred.
>
> The claimant's testimony concerning how the injury actually occurred was that she hurt it performing a lifting exercise, where a box slipped and she caught it before it fell. [Cynthia] Free's testimony was that she did not recall such an incident and that she did not note any left-wrist problems. The FCE results, however, indicated that the lifting exercise was terminated by the claimant because of "complaints of fatigue, excessive discomfort, or inability to complete the required number of movements

brief. We have considered employer's reply brief filed with this Court on November 8, 2001 in rendering our decision.

- 2 -

during the testing interval (cycle)."
Moreover, Free recalled the claimant
informing her between one and two weeks
after the FCE that she was "sore," although
she could not recall what particularly was
sore. Free also described the FCE as "very
strenuous."

The medical records also corroborated
the claimant's testimony. The December 4,
1999, emergency room record specifically
corroborated that the claimant injured her
left wrist on November 30, 1999. The
claimant had not reported any pain
complaints in her left wrist before the
November 30, 1999, FCE. We believe that
although Free's testimony failed to
corroborate the claimant's testimony, the
actual FCE results and subsequent medical
records did, and that the claimant satisfied
her burden of proof.

"When a primary injury under the Workmen's Compensation Act
is shown to have arisen out of the course of the employment,
every natural consequence that flows from that injury is
compensable if it is a direct and natural result of a primary
injury." Leonard v. Arnold, 218 Va. 210, 214, 237 S.E.2d 97, 99
(1977). "In other words, where a causal connection between the
initial compensable injury and the subsequent injury is
established . . . the subsequent injury is treated as if it
occurred in the course of and arising out of the employee's
employment." Bartholow Drywall Co. v. Hill, 12 Va. App. 790,
794, 407 S.E.2d 1, 3 (1991) (citations omitted).

Credible evidence, including claimant's testimony, the
December 4, 1999 emergency room report, and the FCE results,
supports the commission's finding that claimant's left wrist

problems were a compensable consequence of her February 27, 1999 right wrist injury. As fact finder, the commission was entitled to give little probative weight to Dr. Rutland's statement by inferring that it focused upon how the injury occurred rather than its causation. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Because credible evidence supports the commission's finding that the FCE, which was necessitated by the compensable right wrist injury, caused claimant's left wrist problems, we will not disturb that finding on appeal. Accordingly, we affirm the commission's decision.

Affirmed.