# Richmond

## Abbitt Jennings Morris v. Pulaski Veneer Corp., Etc.

March 5, 1945.

Record No. 2938.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Crowell, Deeds & Sutherland,* for the appellant.

*Fred B. Gentry,* for the appellees.

BROWNING, J., delivered the opinion of the court.

A. J. Morris was the employee, as a manual laborer, of the Pulaski Veneer Corporation, at the time of the accident, and had been for a number of years. The insurer of the corporation was the Liberty Mutual Insurance Company. They were both impleaded as defendants by the claimant and took part in the defense.

The immediate accident, which precipitated this action, occurred on the 12th day of January, 1944, and resulted in the loss of the first, second, third and fourth fingers, and a portion of the palm of the claimant's right hand. On the 29th of January, 1935, the same man, A. J. Morris, was working for the same employer, in the same capacity, and was involved in another accident from which he sustained an injury which resulted in the loss of his left hand just above the wrist.

Compensation was sought and recovered before the same tribunal on account of the injuries in the first accident, the Commission awarding him the sum of $1,165.50, based upon his then average weekly wage for 150 weeks, in accordance with the provisions of section 1887 (32) of the Code of Virginia.

When the employee filed claim for compensation the second time, which was heard on the 29th of March, 1944, he was without his left hand and all of his right hand except the thumb and a portion of the palm. He claimed permanent total disability compensation provided by section 30 of the Act, but the Commission limited his recovery to the provisions of section 32, designated as subsections (b), (c), (d) and (e), which specify certain percentages of the average weekly wages of the employee for certain numbers of weeks. This is based upon partial incapacity or disability as is shown by the terms of section 31 of which section 32 is an exception. The two sections are so related as to be complemental.

The opinion of the Commission in part, said this: "The evidence shows no pathology to the thumb or remaining portion of the hand to justify an award based upon the total loss thereof." This is a portion of that part of the opinion which is denominated "Findings of fact."

The Commission's conclusions of law are based upon the case of *Noblin v. Randolph Corp.*, 180 Va. 345, 23 S. E. (2d) 209, in which this court is alleged to have held that both members must be lost in the same accident to entitle

the injured claimant to compensation under section 30, and as there were separate accidents here, the loss of use caused by the second one to the right hand was partial, rather than total, hence the award allowed.

We do not think that the position of the Commission is sound in founding its ruling upon the *Noblin Case, supra.*

First, because the facts of that case are not at all analogous to those here. There were in that case two accidents, to be sure, but they were entirely unrelated. The claimant lost an eye in early childhood. He was, at the time of the accident in which he lost the other eye, 39 years old. The cause of the second happening was entirely foreign to that of the first. The employer, which was held liable in the second accident, had nothing whatever to do with the injured man when in his infancy he first lost an eye. It did not so much as know him. Manifestly it would have been highly unjust to have saddled the onus of the first accident upon it, and the amendment of section 32, paragraph (1), subsection (r) in 1930 (Acts 1930, p. 60, ch. 54) was intended to prevent just such injustice. The amendment consisted in adopting the words, "in the same accident."

The opinion in the *Noblin Case, supra,* explains its conclusion, which makes plain our point, and renders perfectly clear the vice of a different conclusion, under the facts in the case then being considered. The explanatory words are these: * * * "any other conclusion would render the employer liable for loss of vision in one eye in some other employment or in a non-occupational accident. The pertinent provisions of the statutes clearly reveal that the legislature intended to hold the employer liable only for the amount of injury sustained by the employee in the conduct of his particular business"—words denoting a conclusion highly just and highly wholesome. That, however, is not this case. Here we have two accidents, of tragic consequence, happening in the same employment, under the same employer, though at different periods of time. Certain provisions of the Act wisely fit this situation. Subsection (r) of section 32 of the Act provides that the loss of both

hands is a permanent total loss or incapacity, suffered "in the same accident." This conditional enunciation is not intended to be exclusive. It must be read with the other appropriate sections and all be given the composite related meaning. It is potent to reflect that as a matter of fact the sufferings and injuries of the claimant are no more and no less because they were sustained in two accidents rather than in one. He is just as totally and permanently incapacitated as if the harm had been the result of one and the same disaster.

Clearly the answer to our problem is found in section 36 of the Act which is this:

"If an employee receives a permanent injury as specified in section thirty-two, after having sustained another permanent injury in the same employment, he shall, be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding five hundred weeks.

"When the previous and subsequent permanent injuries received in the same employment result in total disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due."

That the solution we have reached is the true one and is that intended by the legislature is shown by the terms of section (34) of the Act. It is this:

"Sec. 34. If an employee has a permanent disability or has sustained a permanent injury in service in the army or navy of the United States or in another employment other than that in which he received a subsequent permanent injury by accident, such as specified in section thirty-two, he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed."

If the two accidents in this case, happening under the same employment, were not to be joined together in their consequence, in arriving at the true compensation to the victim,

why was it necessary to have section 34, or at least that part of it which accentuates the likelihood or probability of the existence of an injury to an employee which was sustained "in another employment"?

To state the terms is to be conscious of their application.

Philosophize, as one may choose, to reach a different conclusion from the above, which would harmonize with the ruling of the Commission, the plain intendment of section 36 cannot be impaired, or frittered away. It is in conflict with the ruling.

This court has not had, before, a case involving the precise situation as is present here.

The *Noblin Case, supra,* by implication, shows the judicial temper in Virginia. The statute section 36, does not admit of doubt as to its applicability or construction. The state of West Virginia has a somewhat similar statute, Acts of the Legislature of 1937, Chapter 104, Article 4, Section 9 (a), Code 1937, 23-4-9 (a), the construction of which is involved in the case of *Wheeling Metal, etc., Co.* v. *Workmen's Compensation Com'r,* 121 W. Va. 155, 2 S. E. (2d) 252. We quote from the opinion:

"In 1912, the claimant, while working for the Metal Company, received an injury which resulted in the amputation of his right forearm about two inches below the elbow. After recovery from the amputation, he remained in the service of the same employer and in January, 1938, in the course of and resulting from his employment, he received a severe injury to his left hand. This injury necessitated the amputation in greater or less degree of the index, middle and ring fingers. Also, the injury resulted in serious impairment of the flexibility of his thumb and little finger. The employer makes the formal objection that this is not a case wherein total permanent disability resulted from the sum of the injuries.

"Clearly the man is incapacitated from labor. That consideration should be controlling, rather than the sum of the statutory allowances of 50 per centum for loss of a fore-

arm and of 20 to 25 per centum on account of impairment of the remaining hand. Therefore, we are of opinion that the Commissioner's finding of total disability, approved by the Appeal Board, was warranted, and should not be disturbed on this review."

It was stated that some of the courts held the view that under the facts of the case under consideration, there should not be a total disability award, but a partial disability one based solely on the later injury, and as to this the court said further at page 159: "This position, however, has not met with the approval of the majority of the states wherein the question has arisen. See the case of *Congoleum Nairn v. Brown*, 158 Md. 285, 148 A. 220, 67 A. L. R. 780 and annotation. In the opinion in the *McDaniel Case*, we took note of the fact that the courts have not been in unison on this troublesome question, but we therein aligned ourselves with what we considered the better reasoned line of cases—the majority line. We adhere to that view."

We agree with the West Virginia court and align ourselves therewith for the reasons it assigns and in this case, at least, it is most consonant with humaneness and justice.

■ Considering now another phase of the case, let us note that it is urged that this court is bound by the finding of facts by the Commission. That contention is in accord with the rulings of this court and with the provisions of the Act; but it only obtains where there is a conflict of evidence as to the facts. In this case the only evidence is that introduced by the claimant. It consists of his own testimony and that of his physician.

He testified that he is not capable of doing anything; that he is not able to dress himself; that he has to be aided in feeding himself; that he cannot dial a telephone; that he has only done manual labor and is not capable of doing anything else.

The physician testified that "he is totally disabled because he is a manual laborer and has to work with his hands. He

does not have one hand and the other hand is gone now. He lost one and has now lost the other all except the thumb."

\* \* \* "I would say his right hand is useless for normal work.

"This man cannot go out and obtain a job at any other plant."

Despite this the Commission found that his disability was only partial.

■ We hold that the award is an illegal one because it is not supported by evidence.

In the case of *Scott* v. *Willis*, 150 Va. 260, 142 S. E. 400, the award was attacked because it was claimed that the evidence did not support it. There was no transcript of the evidence with the record. It appeared that there was simply the Commission's finding of fact which was assailed for inaccuracy.

The court said: " \* \* \* the commission contends that the transcript of the evidence is no part of the record, and that all the petitioners were entitled to was that part of the record showing the findings of fact. This is doubtless true, where the evidence is conflicting, but in cases like this, where the only complaint is that the evidence is insufficient to support a finding, there being no conflict, a question of law is raised. The petitioners contend that they have the right to have the evidence certified, so that this question of law may be determined.

■ "We agree with this contention of the petitioners, because if in fact there be no evidence upon which an award can be legally based, then clearly an award which is unsupported by evidence is an illegal award. It is almost, if not quite, equivalent to a demurrer to the evidence."

Abbitt Jennings Morris was permanently and totally incapacitated and is entitled to receive compensation under sections 30 and 36 of the Act. Of course what has been paid for the previous injury will be deducted from the total compensation due him.

The order of the Commission is reversed, except as to the fee allowed the attorneys for the claimant, which is affirmed, and the case is remanded to it for such action as may be necessary to make effective this opinion.

*Reversed in part, affirmed in part and remanded.*