COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


LIFE INSURANCE COMPANY OF GEORGIA
                                    MEMORANDUM OPINION* BY
v.    Record No. 1495-00-2         JUDGE ROBERT J. HUMPHREYS
                                       FEBRUARY 13, 2001
GALE P. McCRACKEN


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Dawn E. Boyce (Trichilo, Bancroft, McGavin,
            Horvath & Judkins, P.C., on brief), for
            appellant.

            (Gale P. McCracken, pro se, on brief).
            Appellee submitting on brief.


     Appellant, Life Insurance Company of Georgia, appeals a

finding of the Workers' Compensation Commission awarding

benefits to Gale P. McCracken.  Appellant contends that the

commission erred in finding that McCracken filed her claim for

benefits within the statutory limitations period.

                        I.  Background

     McCracken was injured at work on May 7, 1996 as a result of

a slip and fall.  The Employer's First Report of Accident, which

described the injury as "lumbar and cervical strains," was

prepared and signed by James P. Kirtland, the appellant's risk

manager, on May 27, 1996, and filed with the commission on

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

June 3, 1996. McCracken filed a Claim for Benefits on June 24, 1996, which described the nature of injury as "acute lumbar & cervical sprain." Appellant accepted McCracken's claim as compensable on July 1, 1996. A Memorandum of Agreement was prepared by Kirtland on July 2, 1996. McCracken signed the Memorandum of Agreement, and it was filed with the commission on July 25, 1996. The Memorandum listed the nature of the back injury as "back strain," and required appellant to pay McCracken temporary total disability benefits, as well as medical benefits for as long as necessary. An award order approving the Memorandum of Agreement was entered on August 6, 1996.

During the following year, appellant paid benefits to McCracken as she continued to seek treatment for her injury. Appellant also paid benefits involving various examinations of McCracken's reported neck pain. However, on October 30, 1997, the commission received a letter from McCracken alleging that appellant had continued to fail to pay certain sums pursuant to the Memorandum of Agreement. The commission treated McCracken's letter as an application for hearing and placed the case back on its docket. The commission received another letter from McCracken on February 19, 1999, alleging that appellant had still failed to pay certain sums as required. The commission then set the matter for hearing.

On April 27, 1999, McCracken filed another letter with the commission, clarifying the benefits for which she sought relief.

- 2 -

It was in the April 27, 1999 letter that McCracken first complained of appellant's failure to approve benefits for her neck condition. Specifically, for her anticipated cervical surgery.[1]

After a hearing on the issue, a deputy commissioner found that McCracken "abandoned her original claim for cervical injuries by executing the Memorandum of Agreement" in 1996. Accordingly, since McCracken had failed to resubmit any claim for cervical injury within two years of the date of injury, she was barred from now pursuing the claim under Code § 65.2-601.[2]

The full commission reversed the deputy's decision and awarded McCracken benefits. It found that the parties' failure to include the cervical strain in the Memorandum of Agreement was unintentional and that the term "back strain" was sufficiently broad to include her injuries to both her neck and back. As a result, the commission modified the award to specifically include McCracken's neck injury.

---

[1] McCracken also raised issues pertaining to anticipated nerve conduction testing, liver testing and physician management of pain medication. However, these issues are not before us on this appeal.

[2] The deputy commissioner also ruled that McCracken's neck injury was not a "compensable consequence . . . or a change in condition from, the earlier back strain." The full commission did not address these findings in its decision, and neither issue has been raised on appeal.

## I. Analysis

This Court is bound by the findings of fact of the commission, but only where there is a conflict of evidence as to the facts. Where the evidence is not in conflict, the question is one of law as to whether or not it is sufficient to support the commission's ruling. See Morris v. Pulaski Veneer Corp., 183 Va. 748, 754-55, 33 S.E.2d 190, 192-93 (1945) (if in fact there be no evidence upon which an award can be legally based, then clearly an award which is unsupported by evidence is an illegal award).

The only issues raised by the parties on appeal are the statute of limitations question and the commission's interpretation of the term "back sprain." The parties raised no argument concerning the commission's ability to modify its own awards, nor its ability to interpret terms contained in Memoranda of Agreements after they have been accepted by the commission as binding on the parties.[3]

Code § 65.2-601 provides that "[t]he right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Unlike the claimants in the cases relied upon by the appellant, here, it is clear that McCracken filed

---

[3] Although not an issue on appeal, we note that the commission interpreted the terms of the Agreement and consequently modified its award, without any citation to legal authority or reasoning supporting its ability to do so.

her claim for her back injury, as well as her neck injury, within the statutory time period.  See Shawley v. Shea-Ball, 216 Va. 442, 219 S.E.2d 849 (1975); Williams v. Capital Distributors, 74 V.W.C. 79 (1995).

Subsequently, pursuant to Code § 65.2-701, McCracken voluntarily entered into a settlement of her claims with appellant, and the settlement was approved by the commission by way of its 1996 award.  Prior to the entry of the award, McCracken's claims consistently included both her back and neck injuries, as reflected in the use of the terms "lumbar and cervical" strains/sprains in the First Report of Accident and the Claim for Benefits.  Other than using only the term "back strain" in the Memorandum of Agreement, there is no evidence in the record that suggests appellant intended to exclude the cervical strain as a compensable injury when it prepared the Memorandum of Agreement.

Accordingly, on the facts of this case, we cannot hold that the finding of the commission interpreting the term "back sprain" to encompass McCracken's neck injury, is unsupported by the evidence.  See Russell Loungewear v. Gray, 2 Va. App. 90, 92, 341 S.E.2d 824, 825 (1986) (the commission's findings of fact are conclusive and binding on this Court if supported by credible evidence).

Affirmed.