COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia

PUBLISHED

MERCK & CO., INC.

OPINION BY
v.        Record No.  0424-19-1                    JUDGE GLEN A. HUFF
JANUARY 14, 2020

MERRICK B. VINCENT

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Thomas G. Bell, Jr. (TimberlakeSmith, on briefs), for appellant.

Stephen F. Forbes (Forbes & Broadwell, on brief), for appellee.

Merck & Co., Inc. ("employer") appeals an award of permanent total disability to

Merrick B. Vincent ("claimant").  Employer contends the Virginia Workers' Compensation

Commission erred by concluding that claimant's injury to his left arm and later compensable

consequence injury to his left knee occurred "in the same accident" within the meaning of Code

§ 65.2-503(C).  Because the compensable consequence doctrine imputes the occurrence of new

injuries naturally following from the original injury to the original accident, the new injury

occurred "in the same accident" for the purposes of Code § 65.2-503(C).  This Court affirms.

I.  BACKGROUND

The evidence is largely undisputed.  Nevertheless, "[o]n appeal, [this Court] view[s] the

evidence in the light most favorable to the prevailing party before the [C]ommission."  King v.

DTH Contract Servs. Inc., 69 Va. App. 703, 708 (2019) (second, third, and fourth alterations in

original) (quoting Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 559 (2011)).  So viewed, the

evidence is as follows:

In 2009, claimant injured his left arm and neck while working for employer. The deputy commissioner awarded temporary total disability, and the Commission affirmed. Employer did not appeal that award.

Claimant underwent surgery to treat these injuries. In 2011, he became dizzy and fell as a result of the pain medication he was taking in the aftermath of the surgery, injuring his knee in the fall. He sought compensation for the knee injury as a compensable consequence of the original work-related injury. The deputy commissioner awarded compensation, and employer did not request review by the Commission.

In 2017, claimant requested total and permanent disability under Code § 65.2-503(C), which provides for total and permanent disability for the loss of two limbs "in the same accident." The deputy commissioner awarded compensation. Employer sought review, arguing that the knee injury, although a compensable consequence of the original injury, did not occur in the same accident as the original injury, precluding an award under Code § 65.2-503(C).[1] The full Commission unanimously affirmed, and this appeal followed.

## II. STANDARD OF REVIEW

The "application of the law to essential undisputed fact" is "a question of law" this Court reviews *de novo*. Hilton v. Martin, 275 Va. 176, 180 (2008). "Although this Court gives 'deference, on appeal, to the [C]ommission's construction of the Workers' Compensation Act, [it is] "not bound by the [C]ommission's legal analysis."'" King v. DTH Contract Servs. Inc., 69 Va. App. 703, 711 (2019) (quoting Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248 (2002)).

---

[1] Employer also claimed the injury did not qualify as a loss of use of the limb under Code § 65.2-503(C) and (D), but concedes on appeal that if the knee injury occurred in the same accident, appellant is entitled to compensation under Code § 65.2-503(C).

III. ANALYSIS

Employer claims the Commission erred in awarding claimant total and permanent disability. Specifically, it contends the Commission erred in concluding claimant's compensable consequence knee injury occurred "in the same accident" as his original arm injury within the meaning of Code § 65.2-503(C). This Court disagrees.

"In statutory interpretation, '[t]he primary objective . . . is to ascertain and give effect to legislative intent.'" Brown v. Commonwealth, 284 Va. 538, 542 (2012) (quoting Commonwealth v. Zamani, 256 Va. 391, 395 (1998)). This Court must "determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." Doulgerakis v. Commonwealth, 61 Va. App. 417, 419-20 (2013) (quoting Wright v. Commonwealth, 278 Va. 754, 759 (2009)). "[A] statute should be read and considered as a whole, and the language of a statute should be examined in its entirety to determine the intent of the General Assembly from the words contained in the statute." Oraee v. Breeding, 270 Va. 488, 498 (2005) (quoting Dep't of Med. Assistance Servs. v. Beverly Healthcare of Fredericksburg, 268 Va. 278, 285 (2004)).

Moreover, "the [Workers' Compensation] Act is remedial legislation and should be liberally construed in favor of the injured employee." E.I. Du Pont De Nemours v. Eggleston, 264 Va. 13, 17 (2002). Thus, "an interpretation of the Workers' Compensation Act should take into account the humane, beneficent purposes embedded in the legislative quid pro quo [replacing negligence suits against employers with no-fault workers' compensation]." Jeffreys v. Uninsured Emp'r's Fund, 297 Va. 82, 94 (2019).

Code § 65.2-503(C)(1) provides for compensation as "permanent and total incapacity" when an individual loses "both hands, both arms, both feet, both legs, both eyes, or any two

thereof *in the same accident*." (Emphasis added).[2] In <u>Morris v. Pulaski Veneer Corp.</u>, 183 Va. 748, 755 (1945), the Supreme Court held that an employee was entitled to compensation consistent with this provision even though he lost his hands in separate unrelated work accidents with the same employer nine years apart. The Supreme Court relied on the predecessor to Code § 65.2-507, which provided at the time:

> If an employee receives a permanent injury as specified in section thirty-two, after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding five hundred weeks.
>
> When the previous and subsequent permanent injuries received in the same employment result in total disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due.

<u>Morris</u>, 183 Va. at 752 (quoting Code § 1887(36) (1942)). The Supreme Court noted that the requirement that the injuries occur in the same accident "must be read with the other appropriate sections and all be given the composite related meaning." <u>Id.</u> It concluded that Section 36 provided the basis for treating two injuries arising out of the same employment as if they occurred "in the same accident" for the purposes of the Code. <u>Id.</u>

The Commission relied on <u>Morris</u> and the nature of the compensable consequence doctrine to conclude that claimant's injuries were incurred "in the same accident" within the meaning of the statute. It essentially concluded that if the loss of two limbs was compensable as permanent total loss even though the losses occurred in two events years apart, a second injury that is a compensable consequence of the original injury should likewise be compensable as a permanent total loss.

---

[2] Claimant did not lose either his arm or his leg, but Code § 65.2-503(D) provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member."

Employer contends this reliance was misplaced because the former Section 36, relied on by the Court in Morris, has been amended to remove the reference to subsequent injuries creating a total incapacity. Code § 65.2-507, the current version of what was Section 36, provides the following:

> If an employee receives a permanent injury as specified in § 65.2-503, after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation.

Thus, the Code no longer explicitly states that "*compensation shall be payable for permanent total disability*" when the permanent total disability results from a second injury in the course of the same employment.

Employer's reliance on this change is misplaced. At the time of Morris, as now, compensation for specific injuries was a portion of the claimant's average weekly wage for a number of weeks. Code § 65.2-503(B); Code § 1887(32) (1942). Compensation for permanent and total incapacity, however, was limited, at the time of Morris, to five hundred weeks, regardless of how the total incapacity occurred. Code §§ 1887(30), (36) (1942). That five-hundred-week limitation has been removed for permanent total disability. Code § 65.2-500(D) ("The weekly compensation on account of total and permanent incapacity as defined by subsection C of § 65.2-503 shall continue for the lifetime of the injured employee without limit as to total amount."). Once the five-hundred-week limitation was removed, the sentence in Code § 65.2-507 explaining how to deduct the previously awarded compensation from the new award to remain compliant with the five-hundred-week limitation was no longer necessary.

Although the deleted sentence contained an explicit provision that a second injury occurring in the same employment could result in and be compensable as total permanent

- 5 -

incapacity, the remaining provision in the current law still supports the holding in <u>Morris</u> that the loss of two limbs is compensable as permanent total incapacity within the meaning of the Code even though the losses occur at two separate times. Code § 65.2-507 provides that a second injury within the same employment shall "extend[] the period" of compensation. When claimant lost the use of his left arm, he was entitled to two hundred weeks of compensation. <u>See</u> Code § 65.2-503(B). Thus, when he lost the use of his leg as a consequence of the effects of medication taken for the arm injury, compensation was extended to the remainder of his life.

The purpose of the requirement that the injuries occur "in the same accident" is to protect the employer from being obligated to provide compensation for injuries that are wholly unconnected to the employment. <u>Morris</u>, 183 Va. at 751. Code § 65.2-507 maintains that principle by requiring the second injury to occur within "the same employment." When two injuries are connected to the same employment, "the sufferings and injuries of the claimant are no more and no less because they were sustained in two accidents rather than in one. He is just as totally and permanently incapacitated as if the harm had been the result of one and the same disaster." <u>Morris</u>, 183 Va. at 752. He should not be denied compensation just because his injuries were sustained at separate times.

Moreover, this conclusion is consistent with the nature of the compensable consequence doctrine when considered in the context of the entire statutory scheme. The doctrine provides that "[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." <u>Williams Indus., Inc. v. Wagoner</u>, 24 Va. App. 181, 186 (1997) (quoting <u>Morris v. Badger Powhatan/Figgie, Int'l., Inc.</u>, 3 Va. App. 276, 283 (1986)).

The Code defines an "injury" as an "injury by accident arising out of and in the course of the employment." Code § 65.2-101. Application of the compensable consequence doctrine, however, is not dependent on the occurrence of a separate "accident" in order to be compensable. Rather the doctrine applies when the new injury is the natural result or consequence of the original injury. See, e.g., Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 753 (2004) (holding sexual dysfunction resulting from treatment of a compensable back injury was a compensable consequence); Williams Indus., Inc. v. Wagoner, 24 Va. App. 181, 189 (1997) (affirming the Commission's award of benefits where the evidence proved that the claimant's hip degradation was caused by a procedure to treat his compensable back injury). Because the compensable consequence doctrine allows compensation for a new injury even without a new accident, injuries under the compensable consequence doctrine are treated as if they occurred "in the same accident." Relating the new injuries to the original accident satisfies the statutory definition of "injury" for purposes of the Act. This Court will not read the compensable consequence doctrine in a way that would create internal inconsistencies in the statute. Cf. Cook v. Commonwealth, 268 Va. 111, 116 (2004) (holding the Court will not read a statute in a way that "would be internally inconsistent," leading to "an absurd result"). Thus, compensable consequences, however they occur, arise "in the same accident" for the purpose of Code § 65.2-503(C).

Employer contends that Leonard v. Arnold, 218 Va. 210 (1977), controls and forbids this result. In Leonard, the Supreme Court considered the employee's untimely notice of injury to bar compensation. The Court held that when the original injury resulted in a new accident and a new injury, the application for compensation must be filed within the applicable limitations period that runs from the date of the new accident. The change in condition limitation period, running from the date of last treatment, did not apply. Id. at 215.

Significantly, the Court explained "[a]n application for compensation based on a 'change in condition' cannot be used as a substitute for an original hearing on a new and separate accident." Id. The requirement of timely notice provides the employer with an opportunity to investigate a new accident. Conversely, a review of a change of condition claim is typically based on the medicals.

As this Court noted in Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 793 (1991), "compensability and the time limitations within which a compensable claim must be asserted are separate and distinct issues." Under the compensable consequence doctrine, all compensable consequence injuries are deemed to have arisen out of the original accident. The Supreme Court's application of a timely notice requirement in Leonard does not bar compensable consequences from relating back to "the same [original] accident" for purposes of Code § 65.2-503(C). The Commission did not err in relying on Morris and awarding claimant compensation for permanent total incapacity.

## IV. CONCLUSION

A compensable consequence of a compensable injury necessarily arises out of the same accident as the original injury and therefore, in this case, satisfies the Code's requirement that the loss of two limbs occur "in the same accident." Employer has conceded that claimant lost the use of two limbs within the meaning of the statute, and, therefore, claimant is entitled to compensation for permanent total incapacity. This Court affirms.

Affirmed.