PRESENT: Lemons, C.J.; Goodwyn, Mims, Powell, McCullough, and Chafin, JJ.; and Russell, S.J.

MERCK & CO., INC.

                                               OPINION BY

v. Record No. 200222                     JUSTICE WILLIAM C. MIMS
                                          May 27, 2021

MERRICK B. VINCENT

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred by affirming an award of permanent total disability benefits after an employee suffered an injury that was a compensable consequence of an earlier compensable injury.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In February 2009, Merrick B. Vincent was a pharmaceutical sales representative employed by Merck & Co., Inc. ("Merck"). While he was making a sales call at a physician's office, a case of materials became stuck in his car. He injured his neck, left arm, and left hand trying to dislodge it.

Vincent filed a claim for benefits under the Workers' Compensation Act, Code §§ 65.2-100 through -1206 ("the Act"). A deputy commissioner awarded him temporary total disability benefits. The Workers' Compensation Commission affirmed the award on appeal.

After Vincent began treatment for his original injuries, he fell down stairs at home and injured his left knee. The fall was medically attributed to dizziness caused by medication prescribed for the treatment of his original injuries. He filed a claim for benefits on the ground that his knee injury was a compensable consequence of those injuries. A deputy commissioner awarded him benefits. No party appealed that award.

In September 2017, Vincent filed a change-in-condition claim seeking an award of permanent total disability benefits under Code § 65.2-503(C)(1).[1] Merck responded that his original injuries and his knee injury had not occurred "in the same accident" as the statute requires. A deputy commissioner awarded Vincent permanent total disability benefits. Merck sought and obtained review by the Commission, which affirmed the award.

Merck thereafter appealed to the Court of Appeals. In a published opinion, a panel of that court affirmed. *Merck & Co., Inc. v. Vincent*, 71 Va. App. 439, 449 (2020). The court rejected Merck's argument that Vincent's original injuries and his knee injury had not occurred in the same accident. *Id*. at 443. It observed that in *Morris v. Pulaski Veneer Corp.*, 183 Va. 748 (1945), we ruled that an employee was entitled to permanent total disability benefits under former Code § 1887(36) (1942) (now codified as amended at Code § 65.2-507) after suffering two partially disabling injuries nine years apart.[2] According to the Court of Appeals, we concluded in *Morris* that the statute "provided the basis for treating two injuries arising out of the same employment as if they occurred 'in the same accident' for the purposes of the Code." *Id*. at 444-45. The Court of Appeals agreed with the Commission's conclusion that "if the loss of two

---

[1] The statute provides that "[c]ompensation shall be awarded pursuant to § 65.2-500 for permanent and total incapacity when there is [l]oss of both hands, both arms, both feet, both legs, both eyes, or any two thereof in the same accident."

[2] Former Code § 1887(36) provided that

> [i]f an employee receives a permanent injury as specified in [Code § 1887(32)], after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding five hundred weeks.
>
> When the previous and subsequent permanent injuries received in the same employment result in total disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due.

limbs was compensable as permanent total loss even though the losses occurred in two events years apart, a second injury that is a compensable consequence of the original injury should likewise be compensable as a permanent total loss." *Id*. at 445.

The Court of Appeals rejected Merck's argument that former Code § 1887(36) was subsequently amended to exclude its second paragraph, so two injuries incurred at separate times that cumulatively result in total disability while the employee works for the same employer are no longer compensable as permanent total disability. It ruled that the first paragraph of former Code § 1887(36), which survives as amended in Code § 65.2-507 and permits "extending the period" for which benefits may be awarded, permitted an award for the rest of Vincent's life. *Id*. at 445-46.

The court opined that the purpose of the "in the same accident" language of Code § 65.2-503(C)(1) is only to ensure that an employer is not liable for lifetime benefits for an employee's subsequent injury if his previous injury was incurred while he was employed by someone else. When both injuries are suffered while the employee works for the same employer, the court continued, it makes no difference whether the two injuries were suffered at the same time because the effect on the employee is the same. *Id*. at 446.

The court further reasoned that because the Act compensates for injuries sustained "by accident arising out of and in the course of the employment," but the compensable consequence doctrine allows subsequent injuries that are the "natural consequence" of the original injury to be compensated as well, the result is that subsequent injuries that are the compensable consequence of the original injury "are treated as if they occurred 'in the same accident.'" *Id*. at 446-47. According to the Court of Appeals, that is why such subsequent injuries are compensable, even though they would not otherwise fall within the Act's definition of an injury. *Id*. at 447.

3

Finally, the court rejected Merck's argument that *Leonard v. Arnold*, 218 Va. 210 (1977) applied. It ruled that *Leonard* related only to the statute of limitations because we held there that when a claimant seeks benefits for a new injury, the claim must be filed within the limitations period running from the date of the subsequent accident, not within the limitations period for seeking a change-in-condition award. *Id*. at 448.

We awarded Merck this appeal.

## II. ANALYSIS

We review the Court of Appeals' interpretations of statutes and our prior holdings de novo. *Jackson v. Jackson*, 298 Va. 132, 139 (2019); *Commonwealth v. Watson*, 297 Va. 355, 357 (2019).

Merck asserts that the Court of Appeals erred by affirming the Commission's ruling because Code § 65.2-503(C)(1) permits an award of permanent total disability only if two disabling injuries occurred "in the same accident." Vincent suffered his original injuries and his knee injury in different accidents. We agree.

The General Assembly has established a general rule that benefits awarded under the Act must not extend longer than 500 weeks except, as relevant here, "in cases of permanent and total incapacity as defined in [Code § 65.2-503(C)]." Code § 65.2-518. As noted above, Code § 65.2-503(C)(1) permits an award of permanent total disability benefits for the "[l]oss of both hands, both feet, both legs, both eyes, or any two thereof *in the same accident*." (Emphasis added.) Benefits for permanent total disability as defined in Code § 65.2-503(C) "shall continue for the lifetime of the injured employee without limit as to total amount." Code § 65.2-500(D). By operation of these three statutory provisions, benefits awarded for the loss of a combination of

4

any two body parts listed in Code § 65.2-503(C)(1) may extend longer than 500 weeks only if the loss occurred in the same accident.

## A. TWO ACCIDENTS ARE NOT ONE ACCIDENT

In this case, the Court of Appeals ruled that Vincent's knee injury occurred in the same accident as the original injuries to his neck, left arm, and left hand because the knee injury was a compensable consequence of the original injuries. It held that "[b]ecause the compensable consequence doctrine allows compensation for a new injury even without a new accident, injuries under the compensable consequence doctrine are treated *as if they occurred 'in the same accident.'*" 71 Va. App. at 447 (emphasis added). But the compensable consequence doctrine does not allow injuries suffered in two separate accidents to be treated as if they occurred in the same accident. Rather, the doctrine allows a new injury that is causally connected to an earlier, compensable injury to be "*treated as if it occurred in the course of and arising out of the employee's employment.*" *Leonard*, 218 Va. at 214 (emphasis added).

To return briefly to basic principles, the Act provides benefits only for injuries "by accident arising out of and in the course of the employment or occupational disease." Code § 65.2-101. To qualify as an "injury by accident arising out of and in the course of employment," a claimant must prove "(1) that the injury was caused by an accident, (2) that the injury was sustained in the course of the employment, and (3) that the injury arose out of the employment." *Van Buren v. Augusta County*, 66 Va. App. 441, 449-50 (2016). The compensable consequence doctrine arose in response to cases where an employee who had suffered a compensable injury later suffered a separate injury during medical treatment for the original injury. The question the doctrine resolved was not whether there were multiple

5

accidents, but "whether the [later] injury arose out of and in the course of the employment." *Immer & Co. v. Brosnahan*, 207 Va. 720, 722 (1967).

*Brosnahan* was the first case in which we applied the compensable consequence doctrine. An employee suffered a compensable injury when he dropped a tool and cut his hand at work. At his employer's instruction, the employee sought medical attention, which included receiving six stitches to close the wound. While driving to a later doctor's appointment to have the stitches removed, the employee lost consciousness, struck a tree, and suffered disabling injuries. 207 Va. at 721-22.

In considering whether the later injuries were compensable, we noted that the Act requires an employer to provide medical treatment for compensable injuries and requires the employee to accept it. This reciprocal obligation

> is read into the employment contract between them. When the employer directs or authorizes the employee to seek medical attention for a work-connected injury and the employee follows such direction or authorization, they are but fulfilling the reciprocal obligations of the Act and their contract. To say that an additional injury, suffered by an employee while fulfilling such an obligation, is not also work-connected has little support in modern legal authority and even less in logic.

*Id.* at 724 (citation omitted).

We concluded that because the employee's car accident occurred while he was traveling to the doctor for medical treatment arising from a compensable injury, "there was established a causal connection between his employment and his additional injuries, and he was entitled to compensation." *Id.* at 727-28.

There was no question in *Brosnahan* that the employee had been involved in a second, separate accident. He did not suffer disabling injuries when he dropped a tool, but rather when his car struck a tree.

6

Any residual ambiguity that a later, separate injury covered by the compensable consequence doctrine could be treated as if it occurred in *the same accident* as the original, compensable injury is eliminated by our decision in *Amoco Foam Products. Co. v. Johnson*, 257 Va. 29 (1999).  In that case, an employee first suffered a compensable injury to her left ankle. After surgery for that injury, she fell at home, suffering a second injury to her right knee.  The Commission ruled that the knee injury was a compensable consequence of the original ankle injury.  She later fell again and suffered a third injury when her knee gave out.  The Commission awarded her benefits for the third injury—the injury she sustained in the second fall—on the ground that it had been caused by the injury to her knee, which had already been ruled to be a compensable consequence of the original, compensable ankle injury.  On appeal, the Court of Appeals affirmed the award.  *Amoco Foam*, 257 Va. at 30-31.

We reversed.  We held that the compensable consequence doctrine applies only to an injury with a direct causal connection to an original, compensable injury.  A third injury causally connected only to a second injury, which is causally connected to an original, compensable injury, is too attenuated from the original injury to be compensable under the doctrine.  *Id.* at 33.

As in *Brosnahan*, there was no question that the employee in *Amoco Foam* was involved in a second, separate accident.  Indeed, if we had considered the employee's first fall (which caused the knee injury) as *the same accident* as the original, at-work accident (which caused the ankle injury), we would have been required in *Amoco Foam* to reach a conclusion opposite to our holding.  If the first fall and the at-work accident were legally the same accident, then the second fall and the third injury—which were attributed to weakness in the knee—would have been causally connected with the original, compensable injury to the ankle because the ankle and the knee would have been injured in the "same" accident.  Our actual holding in *Amoco Foam*—

7

i.e., that the third injury was *not* compensable—illustrates that the first fall at home (i.e., the second injury) and the original, at-work injury are different accidents, both in reality and in law.

The Court of Appeals therefore erred by ruling that under the compensable consequence doctrine, a second, separate injury is treated as if it occurred in the same accident as the original, compensable injury. The purpose and effect of the doctrine is not to treat two separate accidents as one accident but, as we said in *Leonard*, to treat the injury suffered in the second accident "as if it occurred in the course of and arising out of the employee's employment." 218 Va. at 214. In other words, the doctrine makes an injury compensable by bringing it within the statutory definition of "injury by accident arising out of and in the course of the employment" for purposes of Code § 65.101 by satisfying the second and third prongs of the *Van Buren* analysis.

### B. *LEONARD* IS INFORMATIVE IN THIS CASE

Vincent argues and the Court of Appeals opined that *Leonard* is inapplicable to this case because it addressed only whether an employee could bring a claim for a new injury arising from a separate accident as a claim for a change in condition, attempting to benefit from a later accrual date for the statute of limitations. 71 Va. App. at 448 (observing that "compensability and the time limitations within which a compensable claim must be asserted are distinct and separate issues" (internal quotation marks omitted)). While that characterization accurately describes the factual context in which we decided *Leonard*, it discounts the reasoning that led to our conclusion.

In *Leonard*, an employee suffered a compensable injury to his right heel. As part of his medical treatment, his leg was placed in a cast and he was given crutches to walk. Later, as he was descending stairs at a restaurant, his crutches became caught and he fell. 218 Va. at 212. When he sought benefits for injuries suffered in the fall, a deputy commissioner ruled that the

8

fall was a consequence of the original accident that caused the heel injury and that the resulting, new injuries were a change in condition. The deputy commissioner awarded benefits, which the Commission affirmed. *Id.* at 213

On appeal, the employer asserted that the new injuries were not a change in condition and that any claim for benefits for a new accident was time-barred under former Code § 65.1-87. *Id.* at 213. At the time of the fall, the statute required an employee to file a claim for benefits within one year of an accident. *Id*. at 211 n.2. The employee countered that as a change in condition, Code § 65.1-99 allowed him to seek an award within one year of the last payment for the original heel injury. *Id.* at 213.

Because the employee's fall was caused by the crutches that allowed him to walk after his compensable heel injury, his employer's insurer conceded that the injuries he suffered in the fall were covered by the compensable consequence doctrine. Citing *Brosnahan*, we agreed. *Id.* at 214. However, we held that those injuries "did not naturally flow from a progression, deterioration, or aggravation of the injury sustained in the original industrial accident." *Id.* They therefore "were the result of a new and separate accident, not from a change in condition." *Id.* (internal quotation marks omitted). Consequently, we concluded that former Code § 65.1-87 applied, not former Code § 65.1-99, and the employee's claim was time-barred. *Id.* at 215.

Our holding in *Leonard* that the employee's fall down the stairs was "a new and separate accident," *id.* at 214, is not irrelevant to this case as Vincent and the Court of Appeals contend. The fact that the employee in *Leonard* had a *second* accident when he fell down the stairs, and that the injuries he suffered in that second accident "did not naturally flow from a progression, deterioration, or aggravation of the injury sustained in the" first accident, *id*., is the reason why

9

the injuries suffered in the fall were not a change in condition and the employee's claim was time-barred.

Like our holding in *Amoco Foam*, the result of our holding in *Leonard* illustrates that the original accident that causes a compensable injury is not treated under the compensable consequence doctrine as legally the same as a second accident. The two accidents are separate and distinct in reality. The compensable consequence doctrine does not contrive a legal fiction to erase that difference and make them the same in law. Consequently, Vincent's original injuries to his neck, left arm, and left hand did not occur "in the same accident" as the injury to his left knee as Code § 65.2-503(C)(1) requires.

## C. "IN THE SAME ACCIDENT" MEANS WHAT IT SAYS

The Court of Appeals also ruled that "[t]he purpose of the requirement that injuries occur 'in the same accident' is to protect the employer from being obligated to provide compensation for injuries that are wholly unconnected to the employment." 71 Va. App. at 446. Although the court cited our opinion in *Morris* for that proposition, it misinterpreted statements that we included to distinguish the facts in that opinion from those in *Noblin v. Randolph Corp.*, 180 Va. 345 (1942) and the resulting application of different provisions of the Act.

### 1. *NOBLIN* ESTABLISHES THAT PERMANENT TOTAL DISABILITY BENEFITS MAY BE AWARDED FOR TWO INJURIES UNDER FORMER CODE § 1887(32)(1)(r) ONLY IF THEY OCCURRED "IN THE SAME ACCIDENT"

In *Noblin*, a hotel porter lost an eye after being kicked by a patron. He sought permanent total disability benefits. 180 Va. at 348. He had lost his other eye decades earlier as a child. *Id*. at 359. We construed several provisions of the Act to conclude that he was entitled to benefits only for the disability directly caused by the most recent injury, which, taken in isolation, was only partial disability. *Id*. at 363. Specifically, we ruled that former Code § 1887(32)(1)(r)

10

permitted benefits for permanent total disability for "loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, *in the same accident*." *Id*. at 360 (emphasis added); *cf*. Code § 65.2-503(C)(1). By contrast, for the loss of total vision in a single eye, former Code § 1887(32)(1)(p) permitted an award of only 55% of the employee's average weekly wage for 100 weeks. *Id*.

In deciding *Noblin*, we noted that the General Assembly had added the "in the same accident" language to former Code § 1887(32)(1)(r) in a 1930 amendment. 180 Va. at 362 (citing 1930 Acts ch. 54). We ruled that

> [t]his amendment makes it clear that the loss of both eyes must result from the same accident as a condition precedent to entering an award for total and permanent incapacity. It is reasonably clear from the terms of this amendment that the legislature did not intend that the loss of sight should be construed to mean a total and permanent incapacity unless the sight of both eyes was lost in the same accident.

*Id*.

We further reasoned that our conclusion was bolstered by former Code § 1887(34), which then provided that

> [i]f an employee has a permanent disability or has sustained a permanent injury in service in the army or navy of the United States or in another employment other than that in which he received a subsequent permanent injury by accident, such as specified in section thirty-two (§ 1887(32) of this code), he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed.

*Id*. at 360.[3] This provision, we ruled, illustrated that the General Assembly intended that an employer be liable only for injuries an employee sustained while working for that employer. *Id*. at 362.

---

[3] Former Code § 1887(34) is now codified as amended at Code § 65.2-505(A).

11

## 2. *MORRIS* REAFFIRMED *NOBLIN*'S HOLDING BUT DIFFERENT FACTS ALLOWED A DIFFERENT STATUTE— FORMER CODE § 1887(36)—TO APPLY

In *Morris*, an employee lost his left hand in 1935. While working for the same employer, he lost all but the thumb and part of the palm of his right hand in 1944. He filed a claim for permanent total disability, but the Commission awarded only partial disability benefits based on its interpretation of *Noblin*. We ruled that the Commission had erred in relying on *Noblin* and that the employee should have been awarded benefits for permanent total disability. *Morris*, 183 Va. at 750-51, 755.

In *Morris*, we distinguished *Noblin*. First, we concluded that the facts were not analogous because the *Noblin* employee suffered his first injury as a child, long before he began working for the employer. That injury had no connection to the employment or to the subsequent injury. *Morris*, 183 Va. at 751. Accordingly, we confirmed that our reliance in *Noblin* on the 1930 amendment to former Code § 1887(32)(1)(r) adding the "in the same accident" requirement was correct, and so was our ruling that permanent total disability benefits were not permitted in that case because it would be unjust to hold the employer liable for the first injury. *Morris*, 183 Va. at 751.

We proceeded to reiterate in *Morris* that under former Code § 1887(32)(1)(r), permanent total disability benefits for loss of two listed body parts, such as the employee's two hands in that case, could be awarded only if both were lost in the same accident. Those were not the facts of the case, so former Code § 1887(32)(1)(r) did not authorize permanent total disability benefits. However, we also noted that former Code § 1887(32) was not the exclusive route to such benefits under the Act as it was written at the time. Former Code § 1887(32) had to be read in context with the other provisions of the Act, and some of them may have provided the employee with an alternative route to permanent total disability benefits. 183 Va. at 751-52.

12

We then determined that "the answer to our problem is found in section 36 of the Act"—i.e., the language codified as former Code § 1887(36).  In other words, former Code § 1887(36) provided a route for the employee in *Morris* to receive permanent total disability benefits, rather than former Code § 1887(32).  Because the second paragraph of former Code § 1887(36) expressly authorized an award of permanent total disability benefits when an employee suffered two permanent injuries "in the same employment," we ruled that *Noblin* was inapplicable.  The employee in *Morris* received both injuries while working for the same employer, despite the nine-year gap.  The employee in *Noblin* received only one injury while working for his employer, so former Code § 1887(36) could not apply in his case.

### 3.  WHAT WE SAID IN *MORRIS* MUST BE READ IN CONTEXT

The Court of Appeals' ruling in this case that "[t]he purpose of the requirement that injuries occur 'in the same accident' is to protect the employer from being obligated to provide compensation for injuries that are wholly unconnected to the employment" is apparently based on our statement in *Morris* that "it would have been highly unjust to have saddled the onus of the first accident upon" the employer in *Noblin*.  71 Va. App. at 446 (citing *Morris*, 183 Va. at 751).  However, as reviewed above, our statement in *Morris* was not dependent on former Code § 1887(32)(1)(r) and its "in the same accident" requirement alone.  Rather, we noted in *Morris* that our interpretation of the 1930 amendment was based partly on juxtaposing that language with the express limitation in former Code § 1887(34) that when an employee suffers one permanent injury while employed by one employer and a later permanent injury while employed by a different employer, the second employer is liable only for the second injury as "if the earlier disability or injury had not existed"—not the cumulative effect of both injuries.

13

We said that *Noblin* was based on both Code sections in *Morris*:

> The opinion in the *Noblin* [c]ase . . . explains its conclusion, which makes plain our point, and renders perfectly clear the vice of a different conclusion, under the facts in the case then being considered. The explanatory words are these: "any other conclusion would render the employer liable for loss of vision in one eye in some other employment or in a non-occupational accident. The pertinent provisions of *the statutes* clearly reveal that the legislature intended to hold the employer liable only for the amount of injury sustained by the employee in the conduct of his particular business" - words denoting a conclusion highly just and highly wholesome.

183 Va. at 751 (quoting *Noblin*, 180 Va. at 362) (emphasis added).

Our acknowledgement in *Morris* that *Noblin* was based partly on former Code § 1887(34) is clear for two reasons. First, the excerpt of *Noblin* quoted in this portion of *Morris* refers to "*the statutes*"—i.e., former Code §§ 1887(32)(1)(r) *and* 1887(34). Second, in *Noblin*, the excerpt quoted in *Morris* is immediately preceded by a reference to former Code § 1887(34): "This conclusion [i.e., that 'in the same accident' means 'in the same accident'] is further fortified by the general language found in section 34, providing that a claimant 'shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed.'" *Noblin*, 180 Va. at 362. Consequently, we did not say in *Morris* that "in the same accident" means only that an employer is not liable "for injuries that are wholly unconnected to the employment," as the Court of Appeals ruled here. 71 Va. App. at 446.

Similarly, when we said in *Morris*, "[h]ere we have two accidents, of tragic consequence, happening in the same employment, under the same employer, though at different periods of time. Certain provisions of the Act wisely fit this situation," 183 Va. at 751, we were referring to former Code § 1887(36), not former Code § 1887(32)(1)(r). And when we said that the requirement that permanent total disability benefits may be awarded only if two listed body parts

14

were lost "in the same accident" "is not intended to be exclusive" and must be read in context with the rest of the Act, *id.* at 752, we were not saying that "in the same accident" meant something other than the plain meaning of those words.  Rather, we were saying that former Code § 1887(32)(1)(r) was not intended to be the only route through which an employee who lost two listed body parts could be awarded permanent total disability benefits:  former Code § 1887(36) provided an alternative route to that outcome—and that section was "the answer to our problem" based on the facts in *Morris*, as compared to the facts in *Noblin*.  183 Va. at 752.

Consequently, the Court of Appeals misinterpreted our opinion in *Morris* by failing to separate our comments distinguishing *Noblin* and the application of former Code § 1887(32)(1)(r) from our application of former Code § 1887(36).  When the General Assembly added "in the same accident" to former Code § 1887(32)(1)(r) in 1930, it intended those words to have their plain meaning.  They have the same meaning in current Code § 65.2-503(C)(1).

D.  CODE § 65.2-507 DOES NOT PERMIT AN AWARD OF LIFETIME BENEFITS

Finally, the Court of Appeals also ruled that the residual language from former Code § 1887(36) that survived as amended in current Code § 65.2-507 "supports the holding in *Morris* that the loss of two limbs is compensable as permanent total incapacity within the meaning of the Code" because it "provides that a second injury within the same employment shall 'extend the period' of compensation."  71 Va. App. at 446 (internal alteration omitted).  This interpretation of the statute is incorrect for three reasons.

First, as discussed above, the Court of Appeals misconstrued our holding in *Morris*.

Second, the General Assembly removed the second paragraph from former Code

15

§ 1887(36). 1972 Acts ch. 619. That paragraph contained the language that we relied on in *Morris* to allow permanent total disability benefits when an employee suffers two permanent injuries in separate accidents while working for the same employer. It is no longer the law.

Third, the Court of Appeals' interpretation contravenes the plain language of Code § 65.2-518. As noted above, the statute expressly provides that benefits "shall in no case be greater than 500 weeks . . . except," as relevant here, "in cases of permanent and total incapacity as defined in" Code § 65.2-503(C). Consequently, Vincent's benefits cannot be "extended to the remainder of his life," 71 Va. App. at 446, under Code § 65.2-507.

### III. CONCLUSION

For the reasons set forth above, we hold that Court of Appeals erred by affirming Vincent's award of permanent total disability benefits. We therefore reverse its judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*